*H. E. Rochester,* for complainant.

*M. F. Delano* and *A. Worden,* for defendants.

Dec. 1839.

Hammond
v.
Hammond.

---

## HAMMOND *vs.* HAMMOND.

An injunction in favor of a wife restraining her husband from disposing of his property, will not be dissolved upon a mere allegation in the answer of the husband, that he has no intention of selling his property; neither will a *ne exeat* be discharged upon the like allegation, that the defendant has no intention of leaving the State.

Alimony is allowed to the wife, *pendente lite,* in a controversy with her husband, almost as a matter of course, whether the wife be plaintiff or defendant—the amount always to be governed by the circumstances of each case, and may be settled by the court without reference, where the facts are sufficiently before it.

THE bill is filed in this case, for a divorce *a mensa et thoro,* either perpetual or limited, on the ground of cruel treatment and abandonment by the husband.

Several strong instances of cruel treatment are sta-
ted in the bill.   Upon the filing thereof, an injunction
and *ne exeat* was issued against the defendant. · The
defendant substantially denies the cruel treatment
charged in the bill, except upon justifiable grounds ;
and alleges that the complainant has committed adul-
tery with a person named in the answer, and in other
instances ; and that the defendant had provided a
place of residence for his wife and youngest daugh-
ter, at which the complainant refused to live.   The
answer is upon oath, but the oath is waived by the
bill.   The defendant now moves for the dissolution
of the injunction and *ne exeat*, and the complainant
moves for alimony and counsel fees.   The motions
were all argued at the same time.

*B. L. Bessac*, for complainant.

*W. W. Ruggles*, for defendant.

THE VICE CHANCELLOR.   This must certainly
be an unhappy pair.   There are strong cases of
grievance presented in both the bill and answer, suf-
ficient to satisfy me that there must be glaring faults
and culpable bad conduct on one side, perhaps on
both.   The ground upon which the defendant asks
for a dissolution of the injunction and *ne exeat*, viz.
that he has no intention of disposing of his property
or permanently removing from the State, are hardly
tenable.   If he has not, these writs will not annoy
him.   If he has, the complainant, if she proves to be
the injured party, will be remediless.   It can do no
injury to the defendant, upon his own showing, to
retain these writs.   It may do much injury to the
complainant to discharge them, if the defendant's

allegations are groundless. The motion to dissolve
these writs, must therefore be denied.

Upon the papers as presented before me, I cannot
undertake to decide which party has merits. That
must be left to be determined after the proofs shall
have been taken. It does not appear that the wife
has any separate property. In contemplation of law
the husband is the owner of the whole property, un-
less the contrary appears, and unless some provision
is made to pay the expenses of the wife's litigation,
and of her support during its continuance, out of the
husband's property, a meritorious wife would be
without the means of escaping from the cruelty of
her husband, or procuring a separation after he had
violated, in the grossest manner, the marriage tie.
Hence, it is usual, even in suspicious cases, to allow
the wife, whether she is complainant or defendant,
means of carrying on the litigation and of subsistence
during its continuance, out of the property of her
husband. This allowance of alimony is almost a mat-
ter of course. 1 Edw. R. 62. And it is done notwith-
standing the defendant puts in a plea that there was
no marriage. 1 Edw. R. 255. And although a verdict
is found against the wife, convicting her of adultery.
1 Edw. R. 317. And even though there is an appeal
pending from an interlocutory order. 1 Edw. R.
360. And, indeed, all the cases in our reports go to
show that this allowance is almost a matter of course.

The amount of the allowance, as well as the al-
lowance itself, is, however, a matter of discretion
with the court, and is not as large, usually, for tem-
porary purposes, as it is upon a final decree for sepa-
ration. The means of the husband—the productive-
ness of his property—the merits of each as they

20

appear before the court—the number of children and their age—the ability of either party to earn money by their industry—their situation in life, and various other circumstances, are all to be taken into account. In this case there are nine children of the marriage, six of whom are minors. The father's property is not productive—both the parties are or should have been accustomed to labor—the merits are not clear— and on the whole, I shall allow the complainant $50 to carry on her suit, and $75 per annum, payable quarterly from the time of filing her bill, to be paid by the defendant. I make this allowance without reference, because the case is fully stated, and to save the expense of a reference. This seems to be authorised in the case of Monroy *vs.* Monroy, 1 Edw. R. 382; and I trust there will be a speedy termination to this worst of all litigations—a domestic law suit.