# GEORGE WALLACE MURRAY

*vs.*

## HELEN MURRAY.

AND

## HELEN MURRAY

*vs.*

## GEORGE WALLACE MURRAY.

*Divorce: custody of children.*

Under Section 38 of Article 16 of the Code (conferring juris-
diction on equity courts in divorce proceedings), courts are
given no power to make provision as to the guardianship or
custody of children until a divorce has been decreed.      p. 657

*Decided June 25th, 1919.*

Two appeals in one record from the Circuit Court of Balti-
more City. (GORTER, J.)

The facts are stated in the opinion of the Court.

The causes were argued together before BOYD, C. J., BRIS-
COE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and
ADKINS, JJ.

*Robert Biggs,* for George Wallace Murray.

*A. S. Niles,* and *Chester F. Morrow,* for Helen Murray.

PATTISON, J., delivered the opinion of the Court.

There are two appeals in the record before us. Helen Murray, the appellee in the first of these appeals, filed her bill against the appellant George Wallace Murray on May the sixth, 1915, asking for a divorce *a mensa et thoro* and for the custody of their infant son at that time twenty-two months old. The defendant filed his answer thereto denying the allegations of the bill upon which the relief was sought, and issue was joined thereon.

The Court after hearing evidence upon the issue so framed passed its decree on September 28th, 1915, dismissing the bill, except as to the custody of the infant child.

By the decree so passed it was

"Adjudged, ordered and decreed that the said bill of complaint, *except as to the care and custody of the infant child of the parties hereto,* be and the same is hereby dismissed; the costs to be paid by the defendant. And it is further adjudged, ordered and decreed *that jurisdiction is hereby retained by this Court over the care, custody and maintenance of the infant child of the parties hereto,* Douglas Williamson Murray; and the custody of said infant is hereby awarded to the plaintiff in this cause until the further order of this Court; provided always that the defendant herein shall have the right to visit the said infant, and to have custody of the said infant during the afternoons of all Sundays, and the afternoons of all business holidays in each year; and in addition thereto on the afternoon of one business day in each month; provided on said last named occasions reasonable notice shall first be given by said defendant to said plaintiff of his intention to call for said infant. And it is further adjudged, ordered and decreed, with the consent and approval of

said defendant, that he shall pay to the plaintiff the
sum of Ten Dollars ($10.00) per month for the sup-
port and maintenance of said infant, until the further
order of this Court."

The plaintiff, at the date of the passage of the decree, was
living with her parents, apart from her husband. The child,
at such time, was in her custody where it has ever since re-
mained; and during which time the defendant has exercised
the right and privilege of visiting his son, given to him by
said decree.

As shown by the docket entries found in the record Mr.
Murray on the 18th day of December, 1917, filed a petition
in said cause asking for a modification of the original decree
in respect to the "care, custody and schooling of the child."
The petition was answered by Mrs. Murray and upon hear-
ing it was dismissed by the Court, to whom application was
made.

On the 14th of February, 1919, Mr. Murray again filed a
petition again asking for a modification of the original de-
cree of September 28th, 1915, to the extent of permitting
him to have the custody of the child

"each week from and during Saturday afternoon and
until Monday at eight o'clock A. M., during all busi-
ness holidays and for during one business day in each
month, provided your petitioner shall so desire, and
provided further that he shall give reasonable notice
of such desire to the said Helen Murray; and your
petitioner further prays that the plans for the religious
and secular education of the said Douglas Williamson
Murray shall be made by your petitioner after con-
sultation with the said Helen Murray, your petitioner
to have the deciding voice with reference to said ques-
tions."

The Court upon the petition and answer filed thereto, and
upon evidence offered by both the petitioner and respondent,
on March 28th, 1919, passed the following order:

"Ordered that the decree passed in this case on the 28th day of September, 1915, be and the same is hereby modified in relation to the custody of said Douglas Williamson Murray to this effect, to wit, *that jurisdiction is hereby retained by this Court over the care, custody and maintenance of said Douglas Williamson Murray,* and the custody of said Douglas shall remain with the plaintiff in this case until the further order of this Court, provided always that the defendant herein shall have the right to visit said Douglas and to have the custody of him during the afternoon of all business holidays in each year; and in addition thereto on the afternoon of one business day in each month, provided on said last named occasions reasonable notice shall first be given by said plaintiff of his intention to call for said Douglas; and in addition thereto the Saturdays in April and May from 3 to 6 P. M., and in addition thereto the defendant shall have the right, from and after the first Saturday in June, 1919, to visit the said Douglas, and to have the custody of him every alternate Saturday from twelve o'clock noon until the following Monday at eight o'clock in the morning.

"And be it further ordered, with the consent and approval of said defendant, that he shall pay to the plaintiff the sum of ten dollars ($10.00) per month for the support and maintenance of said infant, until the further order of this Court."

The wife as well as the husband appealed from this decree.

The question arises, in the consideration of these appeals, though not presented by either of the parties to the proceedings, whether the Court had jurisdiction to pass the decree appealed from.

The decree as we have shown was a modification of a former decree awarding the care and custody of the child to its mother after she had been denied the partial divorce sought by her.

This question has been before the courts of this country a number of times and it has generally been held that where a divorce is denied or not granted the Court cannot consider or pass upon the question of the custody of the children. *Keppel* v. *Keppel,* 92 Ga. 506; *Garrett* v. *Garrett,* 114 Iowa, 439; *Simon* v. *Simon,* 6 N. Y. App. Div. 469, 39 N. Y. Supp. 573, affirmed in 159 N. Y. 549; *Davis* v. *Davis,* 75 N. Y. 221; *Thomas* v. *Thomas,* 250 Ill. 354, 95 N. E. 345. But in most of these cases the decision turned upon the construction of the statute of the State in which the case was decided.

It is by statute that the jurisdiction exercised by the courts of equity in this State, in divorce cases, is conferred upon them; which statute likewise limits and prescribes the jurisdiction so conferred. Therefore we too must resort to the statute in deciding this question.

Section 38 of Article 16 of the Public General Laws of this State provides that—

"In all cases where a divorce is decreed the court passing the same shall have full power to award to the wife such property or estate as she had when married, or the value of the same, or of such part thereof as may have been sold or converted by the husband, having regard to the circumstances of the husband at the time of the divorce, or such part of any such property as the court may deem reasonable; and shall also have power to order and direct who shall have the guardianship and custody of the children, and be charged with their support and maintenance, and may at any time thereafter annul, vary or modify such order in relation to the children."

It is plain from the provisions of the statute that the property and estate of the wife shall be awarded to her only when a divorce has been decreed, and it is also we think the meaning of the statute when properly construed that the Court shall have no power to order and direct who shall have the

guardianship and custody of the children until a divorce has been decreed. .

The effect of the provisions of the statute is that in all cases when a divorce is decreed, and not before, the Court passing the same shall have power to award to the wife her property "and shall also have power to order and direct who shall have the custody of the children.

The question of the custody of the children is an element of the case entirely incidental upon the main relief sought— the divorce of the parties—and unless the latter be granted the Court is without authority to make any disposition of the children.

The Court had no power to pass the original decree awarding the children to the mother, after refusing to grant her a divorce, and its act in so doing was a mere nullity. There being no authority in the Court to pass the original decree it was without jurisdiction to grant the decree appealed from, modifying it. The decree will therefore be reversed.

> *Decree reversed and petition dismissed, each of the parties to pay one-half of the costs of the two appeals.*