# ETHEL PAINTER HOOD

*vs.*

# JOHN MIFFLIN HOOD.

*Alimony Pendente Lite—Support of Children—Wife Possessing Ample Means—Obligations of Husband.*

When the wife has ample means of her own for her support and maintenance, and to enable her to prosecute or defend her suit, she is not allowed alimony *pendente lite*.        p. 360

That the husband is primarily bound to support his minor children does not entitle the wife to alimony *pendente lite* for the support of their minor children, if she is, by reason of her possession of ample means for her support and expenses, not entitled to such alimony for herself.        pp. 361, 364

Code, Art. 16, sec. 38, providing that when a divorce is decreed, the court shall have power to direct who shall have custody of the children and be charged with their support, does not contemplate the determination of these questions until the divorce proceeding is heard on its merits.        p. 363

Ordinarily the primary duty of supporting infant children is on the father.        p. 358

The husband is under a legal obligation to support his wife, except under special circumstances or as the common law rule in this regard has been modified by statute.        p. 358

The wife is a privileged suitor in divorce cases and, if without an income competent for her support and the maintenance of the suit, she is living separated from her husband, the court will allow her alimony *pendente lite* and money to carry on her suit without inquiry into the merits.        p. 360

A wife may sue for alimony without asking for a divorce, but the bill is insufficient if its allegations would not justify either form of divorce.        p. 361

*Decided April 8th, 1921.*

Appeal from the Circuit Court of Baltimore City (STAN-
TON, J.).

The cause was argued before BOYD, C. J., BRISCOE,
THOMAS, PATTISON, URNER, STOCKBRIDGE, and ADKINS, JJ.

*Isaac Lobe Straus* and *Wm. Pinkney Whyte*, for the ap-
pellant.

*Albert E. Donaldson* and *Arthur W. Machen, Jr.*, with
whom were *Hershey, Machen, Donaldson & Williams* on the
brief, for the appellee.

BOYD, C. J., deliered the opinion of the court.

. The appellant filed a bill on September 28th, 1920, against
the appellee for a divorce *a mensa et thoro*, alleging cruelty
of treatment and abandonment. It alleges that they have
three children living, one daughter twelve years and another
seven years and a son four years of age. It prays for a di-
vorce *a mensa*, that the plaintiff be .awarded the custody of
their children, for permanent alimony and for alimony *pen-
dente lite* for the support and maintenance of herself and the
infant children, for counsel fees and suit money. There is
also a prayer for general relief.

On the 29th of September the court passed an order re-
quiring the defendant to pay to the plaintiff $150 per week
during the continuance of the suit, as alimony *pendente lite*
for herself and the minor children named in the bill, unless
cause to the contrary be shown. An answer was filed to that
order, in which the defendant protested. that the charges
against him were wholly without foundation in fact, and al-
leging that the plaintiff owns and possesses in her own right
an estate of a present value of approximately two. millon dol-
lars, yielding an assured annual income of more than $85,000,
with possibilities of considerable increase in the future, and
that the property owned by him is insignificant in amount in

comparison with the separate estate of the plaintiff, and that his income is very much less than hers.

Without deeming it necessary to state at length the testimony in the case, which was taken in open court on the matter of alimony *pendente lite,* it is sufficient to say that it shows that the plaintiff and defendant were living at Roland Park in Baltimore City, in a house owned jointly by them, and the plaintiff claimed to have owned the greater part of the furniture. On the 10th of September, 1920, the plaintiff left the home and took with her the three children, claiming to have been compelled to leave on account of the treatment of the defendant, which he denied. She went to the Belvedere Hotel in Baltimore, was there when she filed this bill, and was living at great expense. She alleged in her bill that she was about to go to Atlantic City with her children, for her own and their health, and that the defendant stated that he hoped she would never again darken the door of their home, and the allegation is that the defendant had abandoned her not only by telling her that, but his treatment compelled her to leave. While he was away on business, his wife took all of the furniture out of the house at Roland Park, excepting a few articles, placed as much as she could in a house she rented at Guilford, and stored the rest. He said he had made a contract to refurnish the house and his mother was living with him; that he would be glad to have the children and would furnish what was necessary for their maintenance, education and support, if they returned to his home. The evidence showed that the plaintiff had an annual income of $88,000 and the defendant had a salary of $30,000 and $6,000 of other income. The defendant denied in his answer the charges in the bill, but the merits of the case have not yet been inquired into. At the hearing on the matter of alimony *pendente lite* on December 13th, the plaintiff and defendant testified in open court and were the only witnesses examined, and on the 22nd of that month, an order was passed reciting that the income of the plaintiff is $88,000 a year, and order-

ing "that no alimony *pendente lite* be allowed to the plaintiff at this time, but that the petition of the plaintiff for alimony *pendente lite* be retained to enable the court to consider any change in the circumstances of the plaintiff which may develop before the case can be heard and determined on its merits." From that order this appeal was taken.

The question to be determined is whether under the circumstances the lower court was right in refusing to allow alimony *pendente lite*—there being nothing said in the order appealed from about counsel fees and suit money. It will, of course, be conceded that ordinarily the primary duty of supporting infant children is upon the father. That is "correlative to his right to the custody, control and earnings of his minor child," 20 *R. C. L.* 622. That he is under legal obligation to support his wife is as true now as it was at common law, except as modified by statutes or under special circumstances, notwithstanding the many and broad rights conferred upon her by statute. The Act of 1898, Chapter 457, together with other acts in force in this State, practically placed married women in the same position as if they were unmarried, so far as their property and contractual rights are concerned, but Section 21 of Article 45, being the Article on Husband and Wife, provides that "nothing in this Article shall be construed to relieve the husband from liability for the debts, contracts or engagements which the wife may incur or enter into upon the credit of her husband or as his agent or for necessaries for herself or for his or their children; but as to all such cases his liability shall be or continue as at common law," although, in Section 5 of that Article, it is provided, "nor shall any husband be liable upon any contract made by his wife in her own name and upon her own responsibility." Those two sections are considered and explained in *Noel v. O'Neill*, 128 Md. 202. There is, therefore, not much significance, in passing on the question now before us, in the fact that primarily it is the duty of the father to support the infant children of his wife and himself, for ordinarily an equal

duty rests upon him to support his wife, and if he
without just cause deserts or wilfully neglects to pro-
vide for the support and maintenance of his wife or
minor child, he is deemed guilty of a misdemeanor and
upon conviction may be punished by fine or imprison-
ment in the Maryland House of Correction for not
more than a year, or both (Section 75 of Article 27). That
statute, as originally passed, was referred to in *Alvey* v.
*Hartwig,* 106 Md. 254, where the father was held to be pri-
marily liable for the support of his infant children, although
a divorce had been granted to his wife and the custody of the
children awarded to her, in a suit against him as a non-
resident, in which he was not summoned.

It is difficult to understand how the defendant could be
held liable for alimony *pendente lite* for the benefit of his in-
fant children, if he could not be for the benefit of his wife.
But let us see just when alimony *pendente lite* is allowed,
and when it is not, in so far as the facts of this case call upon
us to do so. The definition of alimony is not always given
in precisely the same language, but there is no material dif-
ference between the authorities, unless possibly in some in-
stances as a result of statutes. In *Bouvier's Law Dictionary,* it
is "the allowance which a husband by order of court pays to
his wife, living separate from him, for her maintenance"; in
a leading case of *Wallingsford* v. *Wallingsford,* 6 H. & J.
485, it is: "Alimony is a maintenance afforded to the wife,
where the husband refuses to give it, or where *from* his im-
proper conduct compels her to separate from him. It is * * *
a provision for her support, to continue during their joint
lives, or so long as they live separate"; in 1 *R. C. L.* 864,
"Alimony, which signifies literally nourishment or sustenance,
is the allowance which a husband may be compelled to pay to
his wife for her maintenance when she is living apart from
him, or has been divorced. Like the alimentum of the civil
law, from which the word was evidently derived, it has for
its sole object the provision of food, clothing, habitation and

other necessaries for the support of the wife." The general rule is that the wife is a privileged suitor in divorce cases, and if she is "without an income competent for her support, and the maintenance of the suit," living separated from her husband, the court will allow her alimony *pendente lite* and money to carry on her suit without inquiring into the merits. *Daiger v. Daiger,* 2 Md. Ch. 335; *Coles v. Coles,* Ibid. 341, 346; *Tayman v. Tayman,* Ibid. 393, 397; *Mc-Curley v. McCurley,* 60 Md. 185, 189; *Buckner v. Buckner,* 118 Md. 263, 266; *Mulhall v. Mulhall,* 120 Md. 22, 26; *Crane v. Crane,* 128 Md. 214, 220; and many other cases could be cited.

But it is equally well established that when the wife has ample means of her own for her support and maintenance and to enable her to prosecute or defend her suit, she is not allowed alimony *pendente lite.* Sometimes there may be reasons for allowing her counsel fees and money for other expenses when the court, in the exercise of the discretion vested in it, will not grant alimony *pendente lite.* In the order appealed from, there was no question about those expenses, but only as to temporary alimony. In every one of the cases just cited, the principle announced as to the right of the wife to alimony *pendente lite* is conditioned upon her not having sufficient income of her own. Although there may be no occasion for referring to other decisions, there is practically no difference between the authorities on this subject, as controlled by statute. In 2 *Amer. & Eng. Enc. of L.,* 105, it is thus stated: "It must appear that the wife is without means to maintain herself, and to enable her to properly conduct her suit or defense; when it is shown that she has sufficient means, *alimony pendente lite* will not be allowed." "As the purpose of temporary alimony is to provide maintenance for the wife during the pendency of the suit, the reason for making her a temporary allowance for such purpose does not exist when the income of her separate estate is sufficient; accordingly a temporary award will not be made unless it is shown that

she is without sufficient means." 1 *R. C. L.* 894. See also 2 *Bishop, Mar. & Div.,* Sec. 965; 2 *Nelson, Divorce & Separation,* Sec. 855.

It being clear that the appellant is not entitled to alimony *pendente lite* for her own support and maintenance, can it be allowed to her for the support of the children? It seems to us that it would be illogical to hold that the wife, in a suit for divorce, is entitled to be allowed alimony *pendente lite* because the husband is primarily bound to support his minor children, although she cannot be allowed it for herself because she has ample means for her support and maintenance, as well as for expenses. It may be that the husband can be required to support his minor children, but if so, it cannot be as *alimony* under any definition of that term given above, or elsewhere, so far as we are aware. A divorce suit is not the kind of proceeding, under our practice, in which to compel the father to support his minor children, while the suit is pending. In this State a wife can sue for alimony, although she does not ask for a divorce (*McCaddin* v. *McCaddin,* 116 Md. 567; *Taylor* v. *Taylor,* 108 Md. 129), but when the allegations of the bill of complaint are insufficient to support either form of divorce, they are insufficient to support a bill for alimony alone, *Outlaw* v. *Outlaw,* 118 Md. 498; *Walker* v. *Walker,* 125 Md. 649, 660; *Polley* v. *Polley,* 128 Md. 60. Under such a bill could the husband be required to furnish support for minor children? It would be an anomaly if he could be. If, upon the hearing of a suit for divorce *a mensa et thoro* for cruelty of treatment or abandonment brought by the wife, it be determined that she is not entitled to a divorce because she failed to prove either ground, can the court still require "alimony" to be paid the wife for the support of the minor children? The practice is to dismiss the bill under those circumstances.

In *Murray* v. *Murray,* 134 Md. 653, the court decided that under Section 38 of Article 16 of the Code, courts are given no power to make provision as to the guardianship or custody

of children until a divorce is decreed. That section of the Code at that time provided that "in all cases where a divorce is decreed, the court passing the same shall have full power to award to the wife such property or estate as she had when married * * * and shall also have power to order and direct who shall have the guardianship and custody of the children, and be charged with their support and maintenance, and may at any time thereafter annul, vary or modify such order in relation to the children." In passing on the question we said: "The question of the custody of the children is an element of the case entirely incidental upon the main relief sought—the divorce of the parties—and unless the latter be granted the court is without authority to make any disposition of the children."

That case was decided in June, 1919, and at the next session of the Legislature two acts were passed to which we have been referred. They are Chapters 573 and 574 of the Acts of 1920. The former seems to be the one mainly relied on by the appellant, and is the only one cited in her brief. We confess we do not see how that can in any way aid the appellant in this proceeding. It provides that: "The several equity courts of this State shall have original jurisdiction in all cases relating to the custody or guardianship of children and may on bill or petition filed by the father or mother or relative or next of kin or next friend of any child or children to direct who shall have the custody or guardianship of such child or children, and who shall be charged with his, her or their support and maintenance, and may from time to time thereafter annul, vary or modify its decree or order in relation to such child or children," etc.

It is not necessary for us to now determine whether, when there is pending a bill for divorce which contains a prayer for the custody of the infant children, as this bill does, the father or mother could properly seek relief under that section, as no bill or petition has been filed under it. The father was under no more obligation to file one than the

mother was, if as much, if it could properly be done. She took the children away from their home, without the consent of the father, and although perfectly able to support them, she wants the defendant to be required to do so, while this case is pending, although she has deprived him of their custody. That statute shows very clearly that when the custody and support of children are to be passed on by the courts, they are no longer to be necessarily governed by common law rules as to such custody or support.

Chapter 574 of the Acts of 1920 amended Section 38 of Article 16 quoted above, in that now it provides that the court "shall also have power in all cases in which the care and custody of the children of parties forms part of the relief prayed, whether a divorce is decreed or denied"—then follows the language of the original section. The custody of the children does "form part of the relief prayed" in this case, but that question cannot be satisfactorily determined in the divorce case until it is heard on its merits. It would seem to be clear that it was never contemplated under Section 38, as it stood before or since the amendment, that the extremely important questions as to the custody and support of the children should be passed on by the court, until it was ascertained whether the grounds relied on for divorce were proven. It would practically require two trials of the case, involving the merits, if those questions could be determined in advance. That would certainly be undesirable, if permissible. It may be that conditions may exist which would require some action of the court as to the custody and support of infant children before the divorce case is heard on its merits, but without saying more as to that subject, there is nothing in this record which would have justified the court in doing so. It seems clear to us that neither of those statutes affects the question now before us, which is whether the wife is entitled to alimony *pendente lite*. That is what she asked for in her bill and what the appeal from the order of the court presents for our consideration. Chapter 573 has noth-

ing to do with alimony, and Chapter 574 was passed to authorize the court to determine the question of the custody and support of the children in divorce proceedings, whether a decree of divorce be granted or denied.

In fixing the amount of alimony *pendente lite* for a wife who is entitled to it, the court may undoubtedly take into consideration the fact that she is supporting one or more minor children. We have been referred to several reported cases in this State, and there may be others, where alimony *pendente lite* was allowed a wife for the support of herself and child, and it is often done in the lower courts. One of those referred to is *Coles* v. *Coles, supra,* but there the allowance of alimony depended upon whether the wife had sufficient means for the support of herself and infant child, and the Chancellor said: "I am not satisfied that this petitioner has the means of supporting, with comfort, herself and child, even with such assistance as she may receive from her mother, and therefore, not looking at all to the merits, I shall pass an order making some allowance for that purpose." It was not intimated that if the wife had sufficient means to support herself, alimony should be allowed for her child. The other case referred to was *Westphal* v. *Westphal,* 132 Md. 330, where the court allowed the wife alimony *pendente lite* for the support of herself and four children living with her. The court said: "The wife in this case, it appears, owns no property and her financial condition is one of absolute dependency upon her husband for support and for the maintenance of her four minor children." Under such circumstances there could be no possible reason for not allowing alimony *pendente lite,* if the husband had sufficient means, but it is allowed to the wife for herself and minor children living with her, and there is no case in this State, as far as we are aware, or any cited from other jurisdictions which we feel called upon to follow, where alimony *pendente lite* was allowed because the wife had a minor child or children of herself and husband living with her, if she had ample means of her own.

It is said in *Stewart on Marriage & Divorce,* Sec. 406, that "in fixing the amount of alimony, the wife's expenses for a child entrusted to her are often considered, but alimony is an allowance to the wife; it is not affected by the death of the child, and does not affect the child's right to support." In the case of death of one of the parties, the remarriage of the wife, or their mutual consent to live together, alimony ceases. *Wallingsford* v. *Wallingsford, supra; McCaddin* v. *McCaddin,* 116 Md. 567; *Emerson* v. *Emerson,* 120 Md. 584. Those cases show that the right of the wife to have taken into consideration the fact that she has the custody of minor children, when she is entitled to alimony and the amount to be allowed is under consideration, is a very different matter from requiring the father to support his minor children, when he is under legal obligation to do so.

The only cases which the appellant has cited which seem to take a different view from what we have indicated are *Penningroth* v. *Penningroth,* 71 Mo. App. 438, and *Rutledge* v. *Rutledge,* 177 Mo. App. 469. Those cases were decided by an intermediate court and not by the highest court of that state, although presided over by some very able judges, and the court stands high for its decisions. In the first case, after holding that an allowance for counsel fees or for the maintenance of the wife could not be sustained, as it was admitted she had an estate of a probable value of $75,000, the court said: "But she is entitled to something for the support of the child. This duty primarily rested on the defendant, and if he permitted the child to remain with the plaintiff, he must furnish the necessary means for its support," and directed the lower court to make an allowance for that. No authority is cited and we do not know whether there is a statute in that state which authorizes that to be done, or what the practice in that state is, but if it was done regardless of such a statute, we cannot approve of the decision, as it is clearly contrary to the practice in this State. In the other case cited the court cited no authority except *Penningroth* v. *Penningroth* to sus-

tain its action. Of course, we do not question what the court said as to the primary duty of the father to maintain his infant children, but we cannot agree that the minors could receive such support in the divorce cases on an application for alimony *pendente lite,* when the wife is not entitled to it, unless there be some statute authorizing it to be done in such cases. Just what the court meant by speaking of the father permitting the child to remain with his wife we do not know, but it could hardly be said that the husband in this case "permits" their children to remain with his wife. She took them away from their home without asking his permission, and filed this bill, which included a prayer for alimony *pendente lite,* very shortly afterwards. The only other case we have found that apparently adopted that view is *Foss* v. *Foss,* 100 Ill. 576, but upon examination of that it will be seen that the court relied on its interpretation of a statute in force in that state.

As this opinion is already longer than desirable we will not prolong it by discussing other questions or citing more authorities, but we will affirm the decree. We, of course, do not pass on the question as to the right of the wife to have permanent alimony allowed her, if the divorce is granted, or as to the liability of the appellee to the appellant for the support of the children in some other proceeding. Our statute, Section 38 of Article 16, would seem to be broad enough to cover all questions concerning the care and custody of the children as well as their support and maintenance, but we deem it to be clear that it does not contemplate having those questions determined until the divorce proceeding is heard on its merits.

*Decree affirmed, the appellant to pay the costs.*