## SMITH *v.* SMITH

[No. 6, October Term, 1950.]

*Decided November 3, 1950.*

*Motion for rehearing, filed December 1, 1950, denied December 5, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Lewis C. Merryman* for appellant.

*Ernest C. Clark* and *James P. Bailey* with whom were *Clark & Hearne* and *Hamilton P. Fox, Jr.*, on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Wicomico County, dismissing a cross-bill of complaint filed by a wife against her husband on the ground of abandonment and desertion. There was no appeal by the husband from the decree dismissing his original bill alleging desertion.

It would serve no useful purpose to discuss the testimony in detail. The parties are each 52 years of age, and have been married for 32 years. Their son is grown and not living with his parents. The parties own jointly a property at 306 East Church Street, Salisbury, Maryland, where they resided until October 1948, when Mrs. Smith left the house and took up her residence at 247 West Main Street. Mrs. Smith operated a furniture store in the front part of the dwelling on Church Street and a dress shop on Main Street. Her claim of desertion, or constructive desertion, is based upon the contention that there was a final separation on June 20, 1947, when the husband locked her out of the house.

It seems clear that the relations of the parties were not harmonious for some years prior to 1947, but marital relations continued until a short time prior to June 20, 1947, when Mr. Smith injured his knee. She then moved into an adjoining room because, she testified, he was nervous and restless at night. There is no evidence that he raised any objections. She testified that on June 20, 1947 and on many occasions thereafter when she attempted to enter the house from the rear door, she found that he had bolted it from the inside, and she was unable to arouse him. He testified that the bolt had been placed on the door as a protection against burglars; that he was quite deaf and did not hear her knocking; that whenever he heard her, he would get up and let her in; that she had keys to the other doors. She testified that she "took the screwdriver and hammer" and "tore off one end of the bolt. He put it back on again. And the next time I demolished the catch. I didn't intend for him ever to be able to use that bolt again to keep me out of my house." The lockout was evidently not in effect when she left in October. She testified that she left because they were not living together anyway, and she was tired of his indifference and temper.

We cannot find in this record any adequate grounds to support the cross-bill. As we said in the recent case of *Flohr v. Flohr*, 195 Md. 482, 488, 73 A. 2d 874, 876: "It is not the province of the courts to settle marital disputes or to determine what husbands and wives should do in order to live harmoniously together. * * * it is not the judicial province to encourage separations or to labor to find grounds for divorce where such grounds do not clearly appear. On the contrary, it has always been recognized that legal separations should not be decreed for light and trivial causes."

The appellee strongly urges that there are no reasonable grounds for the appeal, and that costs should not be allowed to the wife, particularly where the wife has independent means. But it is well established that a wife in a divorce proceeding is a privileged suitor, en-

titled to costs if without funds or having only a small amount of property and income. *Daiger v. Daiger,* 154 Md. 501, 508, 140 A. 717; *Stirn, v. Stirn,* 183 Md. 59, 66, 36 A. 2d 695. We have been referred to no case in which a wife was denied costs, except *Hood v. Hood,* 138 Md. 355, 113 A. 895, 896. In that case the appeal was from an order disallowing alimony *pendente lite,* "there being nothing said in the order appealed from about counsel fees and suit money". It was shown that the wife had an estate worth $2,000,000 and "an assured annual income of more than $85,000" and the property of the husband was insignificant in amount. In affirming the decree the court required the appellant to pay the costs.

The record in the instant case does not disclose the extent of the wife's means, if any. It merely shows that for some years she has bought her own clothing and paid one-half of the household bills. In short, by her own labor she has relieved her husband, *pro tanto,* of his duty of support. Under the circumstances we see no occasion to depart from the usual rule.

*Decree affirmed, costs to be paid by the appellee.*