## WATERS *v.* WATERS

[No. 13, October Term, 1948]

*Decided November 11, 1948.*

*Motion for Clarification denied January 12, 1949.*

The cause was argued before MARBURY, C. J., DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Marvin I. Anderson* and *C. Osborne Duvall* for the appellant.

*Hall Hammond,* with whom was *O. Bowie Duckett* on the brief, for the appellee.

438

COLLINS, J., delivered the opinion of the Court.

On March 11, 1947, Dora Baldwin Waters, appellee and cross-appellant, hereinafter designated as the appellee, filed a bill for a divorce *a vinculo matrimonii* on the grounds of adultery against her husband, Warner W. Waters, appellant and cross-appellee, hereinafter designated as appellant. She prayed a divorce *a vinculo matrimonii*, permanent alimony, costs of suit, counsel fees, and other and further relief. To that bill the appellant filed an answer denying the material allegations of the bill.

After testimony before the examiner and filing of depositions, a decree was signed by the chancellor granting the appellee a divorce *a vinculo matrimonii*, monthly alimony in the amount of $75, and counsel fee of $150 to appellee's solicitor, and costs of suit. From that decree both parties to this suit appeal here.

That part of the decree awarding a divorce *a vinculo matrimonii* is not contested by the appellant, Warner W. Waters. He appeals from that part of the decree ordering him to pay permanent alimony and counsel fee. He claims that the income of the wife is sufficient to care for her needs and she is amply able to pay counsel fees to her solicitors. The wife, Dora B. Waters, appeals from the order granting permanent alimony and counsel fees and contends that the amounts awarded by the chancellor should be substantially increased. The only child of this marriage is a son now twenty-one years of age.

Chapter 261 of the Acts of 1935, added a new section to the Code, 1939 Code, Article 16, Section 17. This section provides: "In all cases where alimony or alimony *pendente lite* and counsel fees are claimed, the court shall not award such alimony or counsel fees unless it shall appear from the evidence that the wife's income is insufficient to care for her needs." The primary question for our decision, therefore, is whether, under the facts presented, the income of Dora B. Waters "is insufficient to care for her needs".

The facts show that the wife is forty-nine years of age and her salary is $4,000 a year, she having been employed for twenty years by the United States Treasury Department. She owns a combination store and dwelling in Laurel, Maryland, which she values at $15,000 and from which she receives rent of $1,860 a year, the expenses being $905, leaving her an annual net rental income of $955. She owns building and loan stock of the value of $2,500 and Government bonds amounting to $1,-500. She also has a small checking account of $250. Therefore, according to the testimony, she has assets of approximately $20,000 and a net income of approximately $5,000 a year and lives in a home owned by her husband. At the termination of this suit undoubtedly she will be required to remove from her husband's house and obtain another home.

Although the assets and income of the wife are more or less admitted and not disputed, there is considerable dispute as to the husband's assets and income. In his answer, as above set forth, he denied that his annual income is approximately $4,000. The chancellor found that the appellant's income was not more than from $4,000 to $5,000 a year. The chancellor, in the opinion filed in this case, said: "However, it might well be that he earns a great deal more than that." At the time of the hearing the husband admitted that he had the following assets:

|  | Husband's Valuation | Wife's Valuation |
| --- | --- | --- |
| Five horses and a pony | $10,000.00 | $20,000.00 |
| A home | 5,000.00 | 9,000.00 |
| One-half interest in a concrete block plant | 1,000.00 | 2,000.00 |
| A 2½ acre lot adjoining residence | 500.00 | 2,000.00 |
| Cash | 13,700.00 | 13,700.00 |
| Government bonds | 1,800.00 | 1,800.00 |
|  | $32,000.00 | $48,500.00 |

From the evidence we can fairly assume that his capital assets are at least worth $40,000.

He admits that his income from January 1, 1947, to September 2, 1947, was approximately $20,000 but claims that his expenses for the same period were approximately $17,000. Included in this figure of $17,000, however, are the appellant's living expenses, not all of which were incurred because of his business.

He admits that his race horses won as much as $30,000 during the year 1946 and the first six months of 1947. He admits also that he receives $7 per day for training horses. It is difficult to prove the actual income of this man, due to the nature of the business in which he is engaged, the race horse business. We can fairly assume from the evidence before us that his net income at the time of the hearing was more than $5,000 annually.

In the case of *Hood v. Hood*, 138 Md. 355, 113 A. 895, 15 A. L. R. 774, this Court found that the wife had an annual income of $88,000, the husband a salary and income of $36,000, and deeming the wife had ample means of her own for her support and maintenance and enough to enable her to prosecute and defend her suit affirmed a denial of alimony *pendente lite* to the wife.

Article 16, Section 17, Acts of 1935, Chapter 261, *supra*, which denies alimony if the wife's income is sufficient to care for her needs was evidently passed by the Legislature to curb what is popularly known as the "alimony racket". An award of alimony to the wife here could not be interpreted under the facts of this case as making her a participant in this well-known "alimony racket". Nothing here decided is in any way intended to take the force out of that statute.

Although, in this case, the husband has been found guilty of adultery, the awarding of alimony is never a punitive measure. In determining an award of alimony and whether "the wife's income is insufficient to care for her needs", the court should consider the husband's wealth and earning capacity, the station in life of the parties, age, physical condition, the ability to work, the

length of time the parties have lived together, the circumstances leading up to the divorce, and the fault which destroyed the home. *Timanus v. Timanus*, 178 Md. 640, 642, 643, 16 A. 2d 918; *Dougherty v. Dougherty*, 187 Md. 21, 48 A. 2d 451, 457; *Bradshaw v. Bradshaw*, 189 Md. 322, 326, 55 A. 2d 719, 721. Also, of course, to be taken into consideration are the assets and income of the wife. *Hood v. Hood, supra*, 138 Md. page 360, 113 A. 895, 15 A. L. R. 774. In making such an award the court can only use judicial discretion. Of course, there is no special statute or rule governing this discretion. It must be exercised to the necessary end of awarding justice and based upon reason and law. *Saltzgaver v. Saltzgaver*, 182 Md. 624, 635, 35 A. 2d 810; see also Law and Contemporary Problems, School of Law, Duke University, Vol. VI, Spring 1939, No. 2, "The Exercise of Judicial Discretion in the Award of Alimony", by Edward W. Covey. No doubt in this case the wife will be required to remove from the home of her husband. We are of opinion that this monthly award of alimony in the amount of $75 to the wife will probably pay for the rent of another home, and, therefore, it should be affirmed, subject to further order of the chancellor.

As to the award of counsel fees, it is evident that considerable work was done by the solicitors for the wife. It was necessary to trace the husband's assets in other states and to take depositions outside of Maryland. As pointed out in the case of *France v. Safe Deposit & Trust Co.*, 176 Md. 306, at page 330, 4 A. 2d 717, 728, counsel fees should be awarded according "to the ordinary factors of labor, skill, time, and benefit". The amount of the fee also cannot be wholly disassociated from the financial resources of the party charged, here, the husband. *Silverberg v. Silverberg*, 148 Md. 682, 693, 130 A. 325; *Bonwit v. Bonwit*, 169 Md. 189, 203, 181 A. 237; *France v. Safe Deposit & Trust Company, supra*. We are of opinion, that taking all these factors into consideration, counsel fees in the amount of $500 should be awarded to appel-

lee's solicitor.  The decree will be reversed only as to that award and otherwise affirmed.

> *Decree affirmed in part, and reversed in part, and case remanded for the passage of a decree in accordance with this opinion.  Costs to be paid by the appellant, Warner W. Waters.*