## FAULKNER *v.* FAULKNER
[No. 32, October Term, 1951.]

*Decided December 5, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*O. Bowie Duckett* for the appellant.

Submitted on brief by *Helen Elizabeth Brown* for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from an order denying alimony.

On February 2, 1939, this Court, in the case of *Faulkner v. Faulkner*, 176 Md. 692, unreported in the Maryland Reports, reported in 4 Atl. 2nd 117, reversed a decree of the Circuit Court No. 2 of Baltimore City and remanded the case for the passage of a decree granting the appellant, Margaret E. Faulkner, a divorce *a mensa et thoro*. As a result of that decree, an order was passed granting Margaret E. Faulkner a divorce *a mensa et thoro*, and the guardianship and custody of their minor child. Her husband, John Faulkner, was ordered to pay to her the sum of five dollars per week as permanent alimony and the further sum of $4.50 per week for the maintenance and support of their minor child, subject to further order of the Court.

When the son became self-supporting the $4.50 per week for his support was eliminated by a decree. On September 30, 1948, Judge Mason decreed that all alimony payments by John Faulkner to Margaret Faulkner be suspended, without prejudice to the right of said Margaret Faulkner to make further application for alimony. At that time the wife was employed and making $35.50 per week. The record now before us does not show the financial condition of the husband at that time. On January 25, 1949, Judge Sherbow dismissed without prejudice another petition of the appellant for alimony. At that time the net income of the wife was $36.00 per week and that of the husband $60.00 weekly.

On May 9, 1950, another petition was filed by the appellant for alimony. On December 7, 1950, a supplemental petition was filed asking that John Faulkner be required to pay appellant's physician reasonable costs for an operation on the wife. After answers were filed to the petition and supplemental petition and after hearing in open court, Judge Niles, on the 29th day of March, 1951, ordered that the appellee "pay his wife, Margaret E. Faulkner, through the Probation Department of Baltimore City, at the rate of $10.00 per week, the sum of $105.00 for medical and hospital expenses and the costs of the proceedings." He dismissed the wife's petition for alimony "without prejudice to the right of the plaintiff to make further application to this Court". An appeal is taken from that order. No appeal was taken by John Faulkner. *Dougherty v. Dougherty*, 187 Md. 21, 32, 48 A. 2d 451; *Gunter v. Gunter*, 187 Md. 228, 231, 49 A. 2d 454.

At the time of the hearing in the case now before this Court, the net income of the appellee, including calculated rent from a half interest in a house owned by him, was $65.50 per week. The net income of the wife at that time was $32.50 per week. The husband was employed as a salesman for the Wassell Pie Bakery and the wife was employed as a senior typist with the Maryland Health Department in Baltimore. The wife was also a member of the State Pension System and had a sick leave of 28 days each year. The operation, for which the husband was ordered to pay, occurred during her sick leave and therefore she lost no salary as a result thereof. The chancellor found that both parties were making salaries sufficient to support them and, although ordering the husband to pay the hospital bills in the amount of $105.00, denied the alimony without prejudice.

Code, Article 16, Section 17, provides: "In all cases where alimony or alimony *pendente lite* and counsel fees are claimed, the court shall not award such alimony or counsel fees unless it shall appear from the evidence

that the wife's income is insufficient to care for her needs." Of course, in determining an award of alimony and whether the income of the wife is sufficient to care for her needs, consideration should be given to the husband's wealth and earning capacity, the assets and income of the wife, the station in life of the parties, their age, physical condition, ability to work, the length of time the parties have lived together, the circumstances leading up to the divorce and the fault which destroyed the home. In making such an award, the court cannot set any standard formula, or any specific rule. It can only use judicial discretion to the necessary end of awarding justice based upon reason and law. *Waters v. Waters,* 191 Md. 436, 440, 441, 62 A. 2d 250; *Saltzgaver v. Saltzgaver,* 182 Md. 624, 635, 35 A. 2d 810.

We are of opinion, that applying the statute, Article 16, Section 17, *supra,* and the law of this State to the facts here before us, the order denying alimony to the wife without prejudice, should be affirmed at this time. Of course, if there becomes a substantial change in the earning capacity of the wife or in the financial condition of the husband, the order having been dismissed without prejudice, further application for alimony can be made.

*Decree affirmed, costs to be paid by the appellee.*