LEVY *v.* BERNSTEIN, Etc.

[No. 182, September Term, 1964.]

*Decided February 19, 1965.*

The cause was argued before Prescott, C. J., and Hammond, Horney, Marbury and Barnes, JJ.

*Edward Pierson,* with whom were *Pierson & Pierson* on the brief, for the appellant.

*Richard C. Murray,* with whom was *C. John Serio* on the brief, for the appellee.

BARNES, J., delivered the opinion of the Court.

This appeal is from the decree of Judge Cardin dated and filed on May 29, 1964 in the Circuit Court No. 2 of Baltimore City in which he amended the decree of December 29, 1962 in the divorce suit between the parties by increasing the support of Faye Levy, the infant daughter of the parties, from $25.00 to $35.00 a week as of May 18, 1964, and provided that the support money be paid through the Probation Department of Baltimore City.

The background of the case is set forth in a previous appeal involving the same parties. See *Levy v. Levy,* 229 Md. 103, 181 A. 2d 663. In the prior case Judge Cardin was also Chancellor, and granted the wife permanent alimony and custody of of the infant child. The alimony granted was $10.00 a week, the support money for the infant was $20.00 a week, a total of $30.00 a week which Dr. Levy was required to pay. At that time the infant was eleven (11) months old.

A bill of complaint for a divorce *a vinculo matrimonii,* custody of the infant, permanent alimony and support money for the infant was filed by Mrs. Levy on November 20, 1962. In Dr. Levy's answer to the bill of complaint, he alleged that he had "only been practicing in Norfolk, Virginia for a short period of time and his present income is barely adequate to meet his expenses."

On December 22, 1962, the parties entered into a written agreement in which the right of alimony by the wife was relinquished and the support money for the infant was increased from $20.00 to $25.00 a week. This agreement was incorporated into the decree of December 29, 1962 granting Mrs. Levy an absolute divorce, the court, however, retaining jurisdiction over the infant and the allowance and payment of support money for the infant.

Mrs. Levy, after her absolute divorce, married Alan Bernstein, a member of the Bar of the State of New York. She moved to Buffalo, New York and took her infant daughter, Faye Levy, with her. Dr. Levy's visitation rights were modified to meet this new situation.

In her petition of January 2, 1964 to increase the support money for the infant daughter, Mrs. Bernstein alleged in paragraph 7 that the expenses of raising the infant have increased to the point where $25.00 a week would not meet these expenses. She prayed that the amount of support money be increased from $25.00 to $45.00 a week payable through the Probation Department of Baltimore City and that Dr. Levy be required to pay a nursery bill of $60.00 and future payments with respect to nursery schools.

The Chancellor at the hearing on the petition for increase of support money and Dr. Levy's answer to that petition heard the testimony of Mrs. Bernstein and of Dr. Levy.

Mrs. Bernstein indicated that costs of maintaining Faye had substantially increased as Faye had become older. She testified in regard to increases in the cost of food, clothing, toilet articles, games and other items which made the total expenses $51.00 a week. Dr. Levy indicated that his income in 1963 was $14,000 although his practice had only begun in September 1962, and that he expected to earn ultimately $20,000 a year. He owes his father approximately $11,000 on which loan he pays no interest, and he owes a bank approximately $800. At the time of the hearing Dr. Levy indicated that he expected to marry again within two weeks; it is indicated in his brief in this Court that he has remarried.

Dr. Levy complains in this Court that the testimony of Mrs. Bernstein is incredible and that the Chancellor's decision based on her testimony is clearly erroneous. We do not agree. It is true that Mrs. Bernstein's testimony was not corroborated by specific receipts and other documentary evidence. Her testimony in regard to the cost of clothing for the infant, however, is confirmed by the testimony of Dr. Levy himself. From Dr. Levy's testimony a substantial change in his economic situation for the better is established. Faye is a child of professional persons and lives in a home of professional persons. She is en-

titled to be maintained in accordance with that station in life. The Chancellor did not allow the full amount prayed for by Mrs. Bernstein but limited the allowance to $35.00 a week. The credibility of the witnesses was for the Chancellor's determination. His holdings will not be set aside by us on the evidence unless clearly erroneous, Maryland Rule 886 a, and, in our opinion there is credible evidence to support the decree.

Dr. Levy complains that the Chancellor made no specific findings of fact. At the end of the testimony there was a conference between counsel for the parties and the Court at the Bench, after which the case was submitted. The Chancellor then announced his decision, stating:

> "After hearing testimony in this case, the Court is of the opinion that the order for the payment of the support of this child should be modified, and will order the payments increased from $25 a week to $35 a week. All payments to be made through the Probation Department of Baltimore City; all subject to the further order of this Court. I ask counsel to prepare an appropriate order."

It is apparent from this, we think, that the Chancellor accepted the testimony of Mrs. Bernstein as he had in the case of *Levy v. Levy, supra,* but was of the opinion that the full amount requested by her was not justified. Although it is generally desirable to give specific findings of fact in an equity suit, we do not think this was required in a simple case of this type. No request was made to the Chancellor that he should make such specific findings. See Maryland Rule 18 c. Cf. Maryland Rule 564 b 2.

*Decree affirmed, the costs to be paid by the appellant.*