WILLIAMS *v.* WILLIAMS

[No. 316, September Term, 1964.]

*Decided May 25, 1965.*

*Motion for rehearing filed June 7, 1965, denied June 22, 1965.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*William F. Hickey* for the appellant.

*G. Gregg Everngam,* with whom were *Everngam, Tomes & Spragins* on the brief, for the appellee.

Per Curiam.

This is an appeal from a decree of Judge Pugh, sitting in the Montgomery County Circuit Court, granting the appellant a divorce *a vinculo* (upon the ground of a voluntary separation for the statutory period) and awarding the appellant custody of and support for a minor child, but denying an award of alimony. The only question raised by the appellant is whether Judge Pugh erred in denying alimony.

In determining whether the income of the wife is sufficient to provide for her needs (Code, 1957, Article 16, Section 5), this Court in *Waters v. Waters,* 191 Md. 436, 62 A. 2d 250 (1948), said that "consideration should be given to the husband's wealth and earning capacity, the assets of the wife, the station in life of the parties, their age, physical condition, ability to work, the length of time the parties have lived together, the circumstances leading up to the divorce and the fault which destroyed the home" (191 Md. at 440-41). We again made it clear in *Faulkner v. Faulkner,* 198 Md. 495, 84 A. 2d 884 (1951), that the decision turns on the facts of each case and therefore a set standard or specific rule is impossible. The question is one of the proper exercise of judicial discretion based upon reason and law under the circumstances of each case. The Chancellor's determination is not to be disturbed unless it is clearly wrong. *Levy v. Bernstein,* 237 Md. 552, 207 A. 2d 98 (1965).

In *Donigan v. Donigan,* 208 Md. 511, 119 A. 2d 430 (1956), relied upon by the appellant, we reversed the Chancellor's determination that alimony should not be awarded. We observed that the husband had income of $8000 from royalties and had he sought employment (which he chose not to do) his annual income would have approximated some $10,500. In view of the husband's provable potential income and an undisputed showing that the wife's necessary expenses exceeded her income, we were convinced that the Chancellor did not strike a proper balance under the guidelines set forth in *Waters* and followed in *Faulkner.*

In the present case the husband is employed and has an average weekly income of $71; he lives in a boarding house where he occupies one room, paying a monthly rental of $60; and under the present decree he pays $24 a week for support of the minor child. The wife has an average monthly net income of $230; she lives in a $16,500 three bedroom home purchased by the parties during their marriage, which is presently unencumbered; and she has withdrawn some $5,000 from their joint bank account. On these facts, under the legal principles applicable, we cannot say that the Chancellor was in error in denying to the wife an award of alimony.

*Decree affirmed; costs to be equally divided.*