## McCALLY v. McCALLY

[No. 30, September Term, 1968.]

736

Decided January 9, 1969.

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, FINAN and SINGLEY, JJ.

*Joseph B. Simpson, Jr.,* with whom were *Vivian V. Simpson, H. Algire McFaul, William T. Wood* and *Simpson and Simpson* on the brief, for appellant.

No brief filed on behalf of appellee.

PER CURIAM :

A divorced mother who had continued her illicit relations with her paramour, a married man who frequently spends nights in her apartment if he does not live there altogether, petitioned the equity court to change the custody of her children from their father to her and to require the father to pay her support for the children and expenses for psychiatric treatment of one child. The proof was that that child was normal and well adjusted.

The trial judge denied the change of custody but allowed the wife's lawyer a fee, without stating his reasons for so doing.

The father appeals from the granting of the fee. We find his appeal to be well taken. An absolute divorce ends the marital relationship and a divorced wife is not entitled to a fee for her counsel from her former husband unless counsel's services were reasonable and necessary for the welfare of the children. *Carter v. Carter,* 156 Md. 500, 508-509; *Andrews v. Andrews,* 242 Md. 143, 155-156. There was no indication here of the factors requisite to impose liability on the father.

Chapter 488 of the Laws of 1967 (Sec. 5A of Art. 16 of the Code) gave the equity court power to award a fee at any time

in child custody and support cases, as *Price v. Price,* 232 Md. 379 suggested the Legislature well might want to do, but it also provides that in deciding whether to award a fee the court should consider "whether there was substantial justification for instituting or defending the proceeding" which in effect makes the statutory test on this point the test of the cases such as *Carter* and *Andrews,* cited above.

*Decree appealed from reversed, with costs.*