## FULD *v.* FULD

[No. 67, September Term, 1968.]

*Decided February 4, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, McWILLIAMS, FINAN and SMITH, JJ.

*Marvin J. Land,* with whom were *Theodore S. Miller* and *Miller, Rosenthal & Land* on the brief, for appellant.

*Theodore C. Mitchell,* with whom were *Charles M. Cahn, Jr.,* and *Blades & Rosenfeld* on the brief, for appellee.

McWILLIAMS, J., delivered the opinion of the Court.

The appellant (Phyllis) and the appellee (Dr. Fuld) were married in April 1955. Their only child, Robert, was born in September 1956. They were divorced *a vinculo* in May 1961. A few months later Phyllis married a man named Schuster from whom she was divorced several years ago. Dr. Fuld married Nancy Fuld in October 1961. Two children were born, Steven in August 1963, Susan in November 1964. They were divorced a year or so ago. Phyllis married her third husband in December 1968. In March 1968 Judge Wolf ordered Dr. Fuld to increase, from $30 to $35, his weekly payments to Phyllis for the support and maintenance of Robert. Phyllis contends this is "grossly insufficient" for Robert's needs which she estimates require $430 per month. Judge Wolf also ordered Dr. Fuld to pay to counsel employed by Phyllis the sum of $25 which Phyllis contends is a "mere token" and "grossly inadequate."

Dr. Fuld is a chemist whose annual salary has increased from $8,000 in 1961 to about $18,000 in 1968. As the beneficiary of two family trusts he receives about $2,000 annually. He testified his expenses, including $400 monthly to Nancy Fuld and her two children, the payments to Phyllis for Robert, life insurance premiums (Robert, Steven and Susan are irrevocable beneficiaries) and medical bills (mainly for psychiatric consultation), exceed his salary by about $100 per month. The income from the trusts is applied to the deficit. The extent to which his total income is diminished by state and federal taxes was not developed by either party.

Phyllis is a teacher in the Baltimore County school system for which she is paid $9,500 annually. How well her present

husband supports her or whether she receives anything from her second husband, Schuster, is not discoverable from the record.

### I.

We have reviewed in detail the many cases that have come to this Court in which payments for the support and maintenance of the minor children of divorced couples have been considered.[1] In our judgment no useful purpose will be served by setting forth herein an analytical recitation of the various factual situations presented by those cases and how we resolved them. It is enough, we think, to say that our decisions do not compel a conclusion that Judge Wolf's determination of the adequacy of $35 per week for the maintenance and support of Robert was clearly erroneous. *Levy v. Bernstein,* 237 Md. 552, 207 A. 2d 98 (1965).

### II.

Code, Art. 16 § 5A (1968 Supp.), which became effective 1 June 1967, provides as follows:

> "In all cases where a person makes an application for a decree or modification of a decree with respect to the custody, the amount of support or visitation rights concerning a child or children of the parties, or files any form of proceeding to recover arrearages of child support or otherwise to enforce such decree, the court, after considering the financial status of both parties, their respective needs and whether there was a substantial justification for instituting or defending the proceeding, may make such award of costs and counsel fees to either party as shall be just and proper under all the circumstances."

What transpired in this regard will best be revealed by the following excerpt from the record:

> "(Mr. Land) [Counsel for Phyllis] I wonder if I

---

1. *E.g., Wagshal v. Wagshal,* 249 Md. 143, 238 A. 2d 903 (1968); *Levy v. Bernstein,* 237 Md. 552, 207 A. 2d 98 (1965); *Kapneck v. Kapneck,* 235 Md. 366, 201 A. 2d 798 (1964); *Provenza v. Provenza,* 226 Md. 63, 172 A. 2d 503 (1961); *Newmeyer v. Newmeyer,* 216 Md. 431, 140 A. 2d 892 (1958).

might be heard on one last matter. That is the attorney's fee. Under Section Five-A—

"(The Court) You are entitled to a fee, sir, provided your client doesn't earn sufficient to pay you one; read the statute.

"(Mr. Land) The statute says considering final [financial] status of both parties and their specific needs and whether there is a substantial justification—

"(The Court) Your client is employed, she is a school teacher, has a very good earning capacity. At this particular time, if I allowed you anything at all, it would be toward a fee and not the fee and under the circumstances, [it] would be minimal. I will allow you twenty-five dollars towards a fee, but not as a fee, because I wouldn't dare say to any lawyer that that is all he is entitled to.

"I will, under the circumstances, tell Mr. Fuld he has to pay the costs. Present that order to me, gentlemen, and let me have the date of starting.

"(Mr. Land) Thank you, your Honor.

"(Mr. Mitchell) Thank you, your Honor.

"(The Court) Thank you, gentlemen."

Counsel for Phyllis entered the case (docketed originally in 1961) late in 1966 when he filed a petition to cite Dr. Fuld for contempt for failure to make the $30 payments. In May 1967 Dr. Fuld was "purged from any implication of contempt" it having been established that he had been hospitalized for some months during which time he had been unemployed. Late in 1967 counsel filed the petition (now before us) for an increase in the amount of the monthly payments. The hearing that took place before Judge Wolf in February 1968 appears to have been concluded in less than one day. There is nothing in the record indicating how much time had been spent by counsel in consultation with Phyllis but quite likely it was de minimis. Counsel invites us to take notice of the "Statewide Suggested Minimum Fee Schedule" approved by the Maryland State Bar Association, Inc., on 6 July 1967, Maryland Lawyers' Manual (1968),

p. 360.3. The schedule suggests a fee of $150 for a day in the Circuit Court, in a civil case.

We shall assume that Judge Wolf concluded, correctly, there was "substantial justification for instituting" these proceedings. However, we cannot say that he made fitting obeisance to *justice* and *propriety* "under all the circumstances" when he limited the amount of the counsel fee to $25. We think he should have required Dr. Fuld to pay $125. *McCally v. McCally*, 251 Md. 735, 248 A. 2d 875 (1969).

> *Order modified and as modified affirmed. Appellee to pay the costs.*