The Right Honourable CHARLES, Lord Baron of BALTIMORE, Lord Proprietary, &c. (a)

Hon. PHILIP CALVERT, Esquire, Chancellor,

Hon. WILLIAM CALVERT, Esquire, Secretary,

Hon. BAKER BROOKE, Esquire, Surveyor General, 

Hon. THOMAS TAILOR, Esquire, and

Hon. JESSE WHARTON, Esquire,

— Justices.

Hon. *Kenelm Cheseldine*, Esquire, Attorney General.

## APRIL TERM, 1689.

### GALWITH *vs.* GALWITH.

APPEAL from Calvert county court. The record states, that the appellee, being the wife of the appellant, at June term, 1685, petitioned to the county court of Calvert, setting forth, that within a few years certain false, evil and scandalous reports, were raised and spread abroad against her by some malicious persons, her neighbours and others, which occasioned great dissention and difference between her husband and herself, insomuch that he refused to entertain her in his house, or allow her a competent maintenance elsewhere, by which she was reduced to great poverty and want; whereupon she, in June term 1684, applied to the county court for relief and redress therein, at which time the court hearing and considering the premises, granted an order that her husband should allow and pay unto her 2,000wt. of tobacco for her maintenance the year next ensuing; that the year was completed and ended, and her said husband, not being reconciled nor willing to take her home, not only herself, but also her child, which she hitherto had maintained, would in a short time be brought to extreme poverty and necessity without further assistance from the court—She therefore prayed that the court would take the premises into consideration, and grant her such or-

(a) The Lord Proprietary was also in person presiding in the Provincial Court in March, 1683.

der, that either her said husband might take her home to dwell with him, which she was desirous to do, or else that he might be enjoined to allow her a competent maintenance for herself and child, &c.

Upon which it was ordered by the court, *(a)* that the said *John Galwith,* take home with him his said wife *Jane Galwith,* to dwell with him as man and wife ought to do; or otherwise to allow and maintain her 3,000wt. of tobacco a year, commencing from that day. At the next county court the said *John Galwith* appeared, by *Anthony Underwood* his attorney, and appealed to the Provincial Court—And the record being transmitted, and the parties appearing, &c. the appellant assigned for errors,

1st. That the county court, upon reading the petition without calling the said *John* to answer according to law, passed judgment against him, &c. so that he is condemned unheard contrary to law, and against the statute of *Magna Charta,* chapter 29.

2d. That the said county court had no jurisdiction of the matter in difference between the said *John* and *Jane* his wife, being touching *Alimony,* which is not recoverable there but in chancery, or the court of the ordinary, and so the matter by the said judgment ordered is *coram non judice,* and therefore void.

3d. Nor can the said county court take cognizance of matters relating to causes of separation and divorce between man and wife, but such matters are only triable and examinable in the court of ordinary.

JUDGMENT *reversed* by the Provincial Court.

*Underwood,* for Appellant.
*Dent,* for Appellee.