CHARLES M. HOEFLER *vs.* EMMA A. HOEFLER.

JULY 9, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a petition for divorce on the ground of the parties having lived separate and apart for more than ten years next preceding the filing of the petition. A decree of divorce was entered in the superior court on June 15, 1942 and by that decree petitioner was ordered to pay respondent alimony of $25 a week each and every week thereafter. On December 14, 1945 petitioner filed, in the superior court, a petition for modification of that order on the grounds of "a change of circumstances since the entry of said Decree" and of his inability to comply with such order. After a hearing in that court a decree was entered denying such petition. From that decree petitioner has appealed to this court.

This appeal raises but one issue, namely, did the superior court err in denying the petition on the evidence before it? Only petitioner and respondent testified. No evidence of any other kind was presented. The trial justice, immediately after the testimony was closed, denied the petition from the bench in these words: "The Court does not believe either party. So, the Court is going to deny the petition and your exception is noted." Petitioner contends that such a decision does not show that the trial justice appraised the

evidence on the petitioner's inability to continue payment to the respondent of $25 each week, and, therefore, the decision is not entitled to the weight usually given by this court to a decision of the superior court denying modification of an award of alimony.

Ordinarily such a decision is final and will not be reversed, unless it is clearly wrong. However, if it appears that the trial justice has not weighed the evidence or that his decision bears no reasonable relation to the evidence, this court will, itself, examine and weigh the evidence independently of such decision. *Brown* v. *Brown,* 62 R. I. 375. In the case at bar it would appear that, for some reason which he does not make known in his decision, the trial justice did not believe the parties, who were the only witnesses, and therefore declined to consider their testimony. In the absence of knowledge of some reasonable ground on which he based so-sweeping a rejection of all the evidence in the case, we are constrained to say that his decision is not entitled to the weight which is usually given to a decision of a trial justice in a proceeding of this kind. We shall, therefore, consider and weigh the evidence independently of his decision.

It appears from the evidence that petitioner is engaged in the business of interior decorating on his own account in the city of Providence and that he was engaged in that business in 1942 when he was divorced from the respondent and ordered to pay $25 a week alimony to her. He testified that he made a profit in that year but that from 1943 to the time of the hearing in the superior court he lost "somewhere about four to five thousand dollars, roughly." He does not break down that general estimate to show his business loss in each calendar year nor does he present any books of account from which such loss can be determined. Whether he kept an orderly set of books, in accordance with good accounting practice, from which he could have accurately shown such loss over that period, instead of what amounts to no more than a guess on his part, does not appear in the evidence.

However, in testifying as to the financial condition of his business for the first eleven months of 1945 he was permitted to refer to what he called "a private ledger" of his business. How that book was kept and whether it gave a true picture of his business as to profit and loss during that period we are unable to say, as it was not offered in evidence. But from the nature of petitioner's testimony from it, it would appear that it was not kept in accordance with bookkeeping principles.

He testified from that book that his gross sales from January 1, 1945 to November 30, 1945 were $14,184.53; his purchases, $9264.89; and his labor cost, $3461.78, which included respondent's alimony and his salary at the rate of $40 a week, "making a total under our purchase account of $12,726.67". He also testified to another item of expense in the amount of $7,913.43 which he had "to pay people for doing the various painting." In this manner he testified to a total of $20,640.10 on the expense side of his accounts against the sum of $14,184.53 on the receipts side, or a loss of $6,455.57, according to his method of bookkeeping.

We have recited enough of the petitioner's testimony from his ledger to show the unreliability of such testimony in reflecting the true condition of his business from the viewpoint of profit and loss. That he may have done business at a loss during 1945 may be granted but the actual amount of such loss cannot be determined from his testimony. Assuming, however, that he may have suffered some loss it is not clear from the evidence that his present financial condition, both as to his income and his estate, is such that for him to be compelled to pay respondent $25 a week would be unjustly burdensome and inequitable. Petitioner, in order to prevail in this proceeding, has the duty to show that fact and also the extent of his present ability to pay something to the respondent. *Brown* v. *Brown, supra.* We are of the opinion that on the evidence before us he has done neither.

The evidence does tend to show that he has been confronted with difficulties in obtaining supplies necessary to the profitable conduct of his business but it would appear that this difficulty is temporary. Petitioner testified that notwithstanding such difficulty he intended to continue doing business as long as he could and apparently he has some hope that business will improve. It may be, however, that if the present unfavorable conditions for petitioner's business are prolonged he may find himself in such a financial state that his own standard of living would be impaired. In such an event he would not, in justice and equity, be required to afford respondent a higher standard of living than his own. Although the law compels him to support his wife living separate and apart from him, "she is entitled to no better support from him than he can provide for himself." *Smith* v. *Smith,* 50 R. I. 278. Needless to say the wife in the case at bar is not being supported in any such style as the wife in the *Smith* case. On the contrary, respondent here would appear to be enjoying but a modest living and we cannot say from the evidence that she does not need $25 a week to enable her to meet the reasonable expenses of such living.

Petitioner's appeal is denied, the decree appealed from is affirmed, and the cause is remanded to the superior court.

*Kirshenbaum and Kirshenbaum,* for petitioner.

*Frederick W. O'Connell, Swan, Keeney & Smith,* for respondent.