MARY L. VASTANO *vs.* JOSEPH V. VASTANO.

JULY 3, 1962.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

POWERS, J. This is a petition brought by the respondent husband to modify an award of alimony provided in a final decree of divorce. It was heard by a justice of the superior court who thereafter entered a decree reducing the award from $85 to $50 per week. The cause is before us on the wife's appeal therefrom.

It appears from the record that the parties were married October 15, 1932 and that the wife instituted divorce proceedings July 19, 1956. The husband filed a cross petition March 14, 1958 and on March 20 of the same year a superior court justice, after hearing, denied the cross petition and granted the petition of the wife. The divorce became final by entry of a decree September 29, 1958. Thereafter on October 6, 1958 the husband remarried.

The terms of the final decree provided inter alia: "The petitioner is awarded the weekly sum of $85.00 for her alimony and maintenance and support of her minor son; further, that said weekly sum of $85.00 shall obtain to the pe-

titioner for her support after said minor son becomes of age or self supporting."

The record establishes that on April 24, 1961 respondent filed the instant petition, alleging a change in his circumstances resulting from reduced income. He testified that at the time the divorce decree was entered he was earning $25,000 annually as secretary of Flex-Let Corporation; that he was a part owner thereof; that in February 1959 it was sold; and that he received $48,000 as his share of the proceeds. It appears from the evidence that he received $25,000 in cash, $14,400 represented by thirty-six checks payable monthly and postdated, and an insurance policy having an equity of some $8,600.

He further testified that he had purchased an interest in a small business from which he was earning $25 to $50 weekly; that he had approximately $4,000 in the bank; that he owned several shares of stock which had a total value of some $2,500; that he received several hundred dollars in interest from bank accounts held jointly with his mother who was in fact sole owner of the principal; that he had supplemented his income from savings; and that his mother had been helping him with his expenses.

It was also his testimony that his mother was the beneficiary of the aforesaid life insurance policy; that she had been paying the premiums through her financial assistance; and that he was no longer living in the style and manner to which he had been accustomed. His income tax return for 1960, which was received as an exhibit, showed that he had declared his earnings for that year to be $4,565. The respondent's mother testified in partial corroboration of his testimony.

The petitioner introduced more than a score of exhibits consisting of expenses, bank records relating to respondent's deposits and withdrawals and his income tax returns for prior years, as well as documents relating to the sale of

Flex-Let Corporation. All such exhibits were used in cross-examination of respondent who offered testimony in explanation thereof as corroborative of his reduced circumstances.

The petitioner testified that their son Joseph resided with her; that he was gainfully employed, earning $45 weekly but not contributing to household expenses; and that she was unable to save out of the alimony payments but that she did have $3,000 inherited from her mother.

The trial justice carefully reviewed all of the evidence, commented favorably on respondent's testimony that he was receiving assistance from his mother, drew inferences consistent with the record, and found as a fact that his circumstances had substantially changed. He ordered that his weekly payments should be reduced from $85 to $50 per week and denied petitioner's motion for an allowance of a counsel fee.

The petitioner's reasons of appeal assign a total of seven assertions of reversible error. Two of them, however, relate to evidentiary rulings. She has failed to point out where they appear in the transcript or otherwise identify them as required by our rule. However, a careful examination of the transcript in its entirety, necessary in any event to a proper consideration of her other reasons, fails to disclose that the trial justice committed prejudicial error in ruling on any of her objections to the admission or exclusion of evidence. These reasons are therefore denied. Her remaining reasons of appeal can be considered within the scope of several of them, namely, that the decree is against the law, against the evidence and against the law, the evidence and the weight thereof.

It is well settled that in such a proceeding as the one at bar the decision of the trial justice will not be reversed unless it is clearly wrong. *Hoefler* v. *Hoefler*, 72 R. I. 54. The petitioner contends, however, that in the instant cause the trial justice misconceived and overlooked material evidence

and for that reason his decision is not entitled to the weight which it would be ordinarily accorded.

She has listed his purported income from earnings, dividends and interest over a period of years, including some prior in time to the entry of the interlocutory decree, summarized her interpretation of what the evidence shows to have been respondent's expenses during the same period, and concludes that his net worth as indicated by his present assets is substantially greater than that determined by the trial justice. She points to his ownership of a moderately-expensive home subject only to a small mortgage, a 1960 Cadillac and an interest in a small business concern. Her interpretation, however, presupposes that it was mandatory upon the trial justice to disregard the explanations offered by respondent, or to disbelieve his testimony or that of his mother.

Assuming arguendo that respondent's disavowal of actual title to any of the funds held jointly by him with his mother or his children is open to question, it was in the last analysis for the trial justice to make that determination. As has been so often observed by us, the trial justice had the benefit of observing the witnesses as they testified, a factor not lightly to be disregarded in assaying credibility.

The evidence discloses that petitioner is the sole owner of a home in East Providence. The market value thereof does not appear in the record, but there is no evidence to support a conclusion that it is substantially less comfortable than that in which respondent resides with his present wife. Indeed it is the same home in which the parties resided prior to their divorce and which was deeded to petitioner by respondent. The evidence shows that petitioner does not presently own an automobile. It does show, however, that she owned a 1960 model which she gave to their son Joseph who in turn traded it for a 1961 car. As was said in *Smith* v. *Smith,* 50 R. I. 278, and approved in *Hoefler* v. *Hoefler, supra,* petitioner is not entitled to a higher

standard of living than respondent can provide for himself.

The petitioner urges, however, that the trial justice was not warranted in drawing the inference that respondent's mother was instrumental in her son's success, as he observed in his decision. It is not without significance, however, that in her brief petitioner observes that it is clear that the mother dominated her son. The petitioner apparently recognized, as did the trial justice, that there was an unusually close relationship existing between mother and son. It may well be that the nature of this relationship so impressed the trial justice as to be influential on the issue of credibility. We perceive no merit in the contention that the inference complained of was unwarranted.

It was for respondent to establish that there had been such a change in his circumstances as to make compliance with the terms of the final decree unjust and lacking in equity. The trial justice found as a fact that there had been a substantial change. We cannot say that his findings are clearly wrong or that he misconceived or overlooked material evidence. All of petitioner's reasons of appeal are therefore denied.

In both her brief and oral argument the petitioner contends that the trial justice in his decision erred in denying her motion for an allowance of attorney's fees. Nothing contained in the decree from which the appeal has been taken makes any reference to such denial nor is any reference thereto included in her reasons of appeal. This contention therefore need not be considered. See *Taci* v. *United States Rubber Co.*, 74 R. I. 113.

The appeal is denied and dismissed, the decree appealed from is affirmed, and in accordance with P. L. 1961, chap. 73, the cause is remanded to the family court for further proceedings.

*Brosco & Brosco, Fred Brosco,* for petitioner.

*Raymond W. Monaco,* for respondent.