## CONOVER *v.* CONOVER

[No. 258, September Term, 1967.]

*Decided June 7, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

*B. Eugene Collins,* with whom were *Harry D. Hughes* and
*Collins & Hughes* on the brief, for appellant.

*C. Edward Hartman, II,* with whom were *Hartman &
Crain* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Anne
Arundel County by Judge Childs granting the appellant, Paul
J. Conover, a divorce a vinculo matrimonii from the appellee,
Esther A. Conover, on the ground of voluntary separation for
the statutory period. The decree also ordered that the plaintiff
pay the defendant $135 per month as permanent alimony; that
he pay the defendant's counsel fees of $300; and that he pay
the costs of the proceedings below. The appellant appeals only
from that part of the decree ordering him to pay $135 per month
as permanent alimony. The Conovers were married on Novem-
ber 10, 1956. At that time both were members of the Marine
Corps. No children were born of the marriage. Mrs. Conover
resigned from the service at the request of her husband on April
9, 1962. Mr. Conover retired from the Corps during the sum-
mer of 1964 and in December of 1964 the couple separated. On
November 16, 1966, almost two years after the separation,
Mr. Conover filed a bill of complaint seeking a divorce a vin-
culo matrimonii and on January 26, 1967, Mrs. Conover filed
a cross bill praying for alimony, maintenance, and support.

The question now before us is whether the trial judge abused
his discretion in awarding the wife permanent alimony in the
amount of $135 per month. The basis for this award as found
by the trial judge was that the income of the wife was insuffi-
cient to care for her needs.

The testimony taken at the trial below shows that the appel-
lant's yearly income is between $11,480 and $12,920. It further
shows that the appellee's income is $6,000 a year, or $325 per

month after taxes. She testified that her expenses for rent, utilities, automobile payments, gasoline and food totaled $298 per month. This list of fixed expenses did not include clothes, insurance, medical expenses, etc. She testified that she would require $135 additional per month to meet normal living expenses and that even this amount would not fully compensate her for the loss of privileges she would suffer when she ceased to be the wife of a retired service man.

In making the argument that the trial court abused its discretion the appellant relies on Code (1957), Article 16, Section 5, which reads as follows: "In all cases where alimony or alimony pendente lite and counsel fees are claimed, the court shall not award such alimony or counsel fees unless it shall appear from the evidence that the wife's income is insufficient to care for her needs." Comparing the evidence in this case with the above statute we do not find that the trial court abused its discretion in awarding $135 per month to the appellee. Taking into account the items not included in the list of fixed costs that were testified to below and the loss of government perquisites sustained by the appellee when the marriage terminated, $135 per month seems to be a reasonable figure to compensate her for her additional expenses.

It has long been the law of this state that the awarding of alimony is within the sound discretion of the trial court. *Pet v. Pet,* 238 Md. 492, 209 A. 2d 572; *Lopez v. Lopez,* 206 Md. 509, 112 A. 2d 466; *Bradshaw v. Bradshaw,* 189 Md. 322, 55 A. 2d 719.

In *Waters v. Waters,* 191 Md. 436, 62 A. 2d 250, this Court made the following statement, setting out some of the factors to be considered in granting alimony:

> "In determining an award of alimony and whether 'the wife's income is insufficient to care for her needs,' the court should consider the husband's wealth and earning capacity, the station in life of the parties, age, physical condition, the ability to work, the length of time the parties have lived together, the circumstances leading up to the divorce, and the fault which destroyed the home. . . . Also, of course, to be taken into consideration are the assets and income of the wife."

Taking these factors into consideration in the instant case we find no abuse of discretion on the part of the chancellor.

*Decree affirmed, with costs.*