## BURTON *v.* BURTON

[No. 158, September Term, 1968.]

*Decided April 29, 1969.*

234

The cause was argued before HAMMOND, C. J., and MAR-BURY, McWILLIAMS, FINAN and SMITH, JJ.

*Joe M. Kyle,* with whom were *Heise, Kyle & Jorgensen* on the brief, for appellant.

*Edward L. Foster* for appellee.

McWilliams, J., delivered the opinion of the Court.

The trial judge, Powers, J., ordered appellant (Burton) to pay $900 per month to appellee (wife) as alimony and $700 per month for the maintenance and support of three minor children. This appeal reflects Burton's dissatisfaction with the turn of events. We shall state only the facts relevant to the narrow question presented for our consideration.

The parties were married in 1948. They have four daughters, the oldest of whom is now married. Burton's net worth of $400,-000 reflects his success in business. At the time of trial his annual income was in excess of $55,000. Their home in Hyattsville had a value of about $75,000. Each one drove a Cadillac and the oldest daughter had the use of a less expensive automobile. The separation took place in June 1967. In February 1968 the wife filed her bill for a divorce a vinculo alleging adultery.

During the trial in the Circuit Court for Prince George's County in April 1968 Burton expressed a willingness to pay $1,393 per month less the wife's income from a part-time job ($160) which was rounded off at $1,250. Counsel for the wife suggested $1,400. The wife, however, refused to consent to any figure but she told the court she thought the award should be about $20,000 ($1,666.67 per month). Judge Powers gave as his reasons for the $1,600 award:

> "In deciding this case I am assuming an income to Mr. Burton of about $55,000 a year before taxes. It is true that he is in a business that may have its ups and downs, but whatever ups and downs it has had, it has enabled him now to have a net worth of approximately $400,000, and under those circumstances I would say that he should be able to bridge the gap between good years and bad years even though his income does not remain constant. After taxes that gets down to about $43,000.00 a year for 1967.
>
> "As to the current requirements that Mrs. Burton testified to, not just a bare existence but on the other

hand minimal for four people in this kind of income group, it doesn't seem to me that the requirements are unreasonable, and that amounts to approximately $1,-400 a month. In addition to that she has an income of about $160 a month. I assume from the hours and income that her employment is as much to have some diversion as it is for the amount earned.

"I conclude under the circumstances that as payment by the husband to the wife for her support and the support of the minor children, taking into consideration what has already been agreed upon with respect to the house, a reasonable amount would be $1,-600 a month."

The reports of our decisions abound in shopworn expressions of the principles of law which are applicable here. What we said in *Waters v. Waters,* 191 Md. 436, 440-41 (1948), has been repeated and paraphrased in most of the cases which followed : [1]

"Although, in this case, the husband has been found guilty of adultery, the awarding of alimony is never a punitive measure. In determining an award of alimony and whether 'the wife's income is insufficient to care for her needs', the court should consider the husband's wealth and earning capacity, the station in life of the parties, age, physical condition, the ability to work, the length of time the parties have lived together, the circumstances leading up to the divorce, and the fault which destroyed the home. *Timanus v. Timanus,* 178 Md. 640, 642, 643, 16 A. 2d 918; *Dougherty v. Dougherty,* 187 Md. 21, 48 A. 2d 451, 457; *Bradshaw v.*

---

1. *Conover v. Conover,* 250 Md. 322, 324 (1968); *Williams v. Williams,* 238 Md. 636, 637 (1965); *Gregg v. Gregg,* 220 Md. 578, 583 (1959); *Bailey v. Bailey,* 218 Md. 527, 529 (1959); *Newmeyer v. Newmeyer,* 216 Md. 431, 434 (1958); *Courson v. Courson,* 213 Md. 183, 194 (1957) (dissenting opinion); *Donigan v. Donigan,* 208 Md. 511, 519 (1956); *Danziger v. Danziger,* 208 Md. 469, 474 (1955); *Zimmerman v. Zimmerman,* 199 Md. 176, 181 (1952); *Sugarman v. Sugarman,* 197 Md. 182, 188 (1951).

*Bradshaw*, 189 Md. 322, 326, 55 A. 2d 719, 721. Also, of course, to be taken into consideration are the assets and income of the wife. *Hood v. Hood, supra,* 138 Md. page 360, 113 A. 895, 15 A.L.R. 774. In making such an award the court can only use judicial discretion. Of course, there is no special statute or rule governing this discretion. It must be exercised to the necessary end of awarding justice and based upon reason and law."

Appellant insists Judge Powers erred when he assumed an income of $55,000 before taxes. He points out that for the six years ending 31 December 1967 his average annual income was only about $34,000 and that it is likely smaller figures will be developed in the ensuing years. What Judge Horney said for the Court in *Pet v. Pet,* 238 Md. 492, 497 (1965), seems entirely appropriate here:

"Although we hold in this case that the award of alimony was properly based on the overall financial ability of the husband at the time of trial, there is, of course, no reason why the award may not be increased or decreased from time to time when and as there are changes in the circumstances of the parties. Nor is there any reason why either party should not resort to discovery for such purposes."

It is a pity, perhaps, that Judge Powers chose not to set down in greater detail his reasons for concluding that $1,600 per month "would be a reasonable amount." Nonetheless we are unwilling to say that on the record which was before him the award was clearly wrong.

*Decree affirmed.*
*Costs to be paid by the appellant.*