# HEINMULLER *v.* HEINMULLER

[No. 295, September Term, 1969.]

*Decided May 5, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SMITH and DIGGES, JJ.

*Edward L. Rich, Jr.*, for appellant.

*William F. Mosner* for appellee.

DIGGES, J., delivered the opinion of the Court.

The parties to these two appeals were married in Baltimore, Maryland in 1936. Three sons were born of the marriage, all of whom are now over twenty-one. Marital discord arose some time after the family moved to a home in Baltimore County and the appellant, Carl Heinmuller, Jr., left that home in July 1964. Shortly thereafter the parties signed a separation agreement providing for custody and visitation rights concerning a minor child, support for the wife and child, division of personal property and of course, their separation. In addition there was an arrangement by which each would pay his own counsel fees in the event of divorce proceedings.

In 1966 the wife instituted a suit for absolute divorce based on eighteen months voluntary separation. After a hearing before Judge Menchine in Baltimore County, a decree was signed on May 17, 1968, granting a divorce *a vinculo matrimonii* to the wife and ordering Carl to pay her $350.00 a month, $300.00 "as alimony" (the same amount provided as support in the separation agreement) and $50.00 for the third son, then twenty years old. Carl took an appeal from this order. Subsequently the wife began receiving substantial income from a trust in her favor. Alleging the receipt of this additional income, a petition for reconsideration of alimony was filed by appellant and heard by Judge MacDaniel who, on June 18, 1969, modified the decree by ordering Carl to pay "$250.00 as alimony to Carolyn H. Heinmuller." Carl also appealed this order, and these appeals have been consolidated on the issue of alimony. Neither party seeks to question the divorce *a vinculo*.[1]

---

1. The appeal from Judge Menchine's decree was delayed because of excusable inability to transmit the record promptly to this Court.

Appellant presents a two-step argument. He contends first that Judge Menchine's order merely incorporated the support item set by the separation agreement, and does not in fact constitute "technical alimony" subject to the full control of the court. Secondly, since the payment is then governed by the contractual agreement between the parties, it can be modified only according to the terms of the contract. Judge MacDaniel therefore erred in ordering payment of the $250.00 per month, since he did not follow the contractual standards set up by the parties.

At the heart of this controversy is the interpretation of the 1964 separation agreement, particularly the fifth paragraph, which provides in part:

> "5. The parties agree that so long as this Agreement shall be in force and effect pending the institution of divorce proceedings, the Husband agrees to pay to the Wife the sum of Four Hundred Dollars ($400.00) per month of which the sum of Three Hundred ($300.00) Dollars shall be as support for the Wife and the sum of One Hundred ($100.00) Dollars shall be for the support of the parties child, DWIGHT, the first payment to be made on August 1, 1964 and to continue on the 1st day of each month thereafter; and, if after the expiration of eighteen (18) months, either party shall institute proceedings for a divorce and the parties cannot then agree on an amount for the support of the Wife and said child, then this issue may be submitted to the Court for determination under the then existing circumstances. Further, in the event, at any time hereafter, the Wife's income is increased from such sources as inheritance or income from trust funds, or substantial increase in wages, then the Husband's obligation for support of the Wife shall be subject to pro rata adjustment based upon the amount of such increased income."

There are some further terms in this paragraph, not pertinent here, relating to medical care for the minor child.

When the separation agreement was being prepared both appellant and appellee were aware of the existence of a trust established by a great aunt of Mrs. Heinmuller. This trust provided the income was to be paid equally to two named beneficiaries for their lives. At the death of each one the released share was to be paid to Mrs. Heinmuller for life. Between the time of the divorce decree and the petition for reconsideration, one of the primary beneficiaries of the trust died. Mrs. Heinmuller then began receiving her share which, in 1969, amounted to $7,134.00.

The husband contends this significant increase in the wife's income would operate to relieve him from liability *for any support* payment if the "pro rata" provision were followed, suggesting the words "pro rata" are synonymous with "proportional." Whether his contention is correct becomes irrelevant with our decision that the support provision of the separation agreement is no longer in force. Carl argues that Judge Menchine's decree of May 17, 1968, implicitly incorporates the separation agreement, and since payment is nowhere made contingent on the "joint lives of the parties," the support payment ordered can not be "technical alimony"; he relies on such cases of this Court as *Bebermeyer v. Bebermeyer*, 241 Md. 72, 215 A. 2d 463 (1965). Whether a divorce decree is based solely on the statutory power of the equity court, or whether it merely incorporates an agreement made by the parties is a problem that has caused this Court no little difficulty. *Grossman v. Grossman*, 234 Md. 139, 198 A. 2d 260 (1964); *Stevens v. Stevens*, 233 Md. 279, 196 A. 2d 447 (1964). In some cases of course the separation agreement is explicitly incorporated into the decree, *Bebermeyer v. Bebermeyer, supra*, but this fact is not determinative, *Schroeder v. Schroeder*, 234 Md. 462, 200 A. 2d 42 (1964). However we have an element present in this case which we believe distinguishes it from those other cases.

A separation agreement being a contract between the parties is subject to the same general rules governing other contracts, and particular questions must be resolved by reference to the particular language of the agreement. 1 Nelson, *Divorce and Annulment,* §§ 13.05, 13.32 (2d ed. 1945).

Here, by following the contractual provisions agreed to by the parties, it turns out that the support allowance was designed to terminate upon the institution of the divorce proceedings, and if the parties could not then agree on the amount, the court was to settle that issue. The fifth paragraph specifically states "The parties agree that so long as this Agreement shall be in force and effect *pending the institution of divorce proceedings* the husband agrees to pay . . ." (emphasis added). This interim nature of the payment provisions of paragraph five is also indicated by the introductory paragraph of the agreement, which reads: "WHEREAS, the parties hereto are desirous of entering into an Agreement respecting the support and maintenance of the Wife and infant children, *prior to the obtention of* a divorce a vinculo . . ." (emphasis added). Finally the fifth paragraph provided that if "the parties cannot then agree on an amount for the support of the Wife and said child, then this issue may be submitted to the Court for determination under the then existing circumstances." It is undisputed that at the hearing before Judge Menchine the parties were unable to agree on a suitable sum for the wife's support.

With the determination that this support agreement expired, the court was compelled to make an independent determination on whether alimony should be awarded. Code (1957, 1966 Repl. Vol.) Article 16, Section 3. Any award by the court in this situation would have to be "technical alimony." *Roberts v. Roberts,* 160 Md. 513, 154 A. 95 (1931); *Bushman v. Bushman,* 157 Md. 166, 145 A. 488 (1929). The fact that the sum provided by the decree was similar to that mentioned in paragraph five of the separation agreement does not alter this result. "Technical alimony" is always subject to reconsid-

eration and modification in the light of changed circumstances. *Lopez v. Lopez,* 206 Md. 509, 112 A. 2d 466 (1955). If the parties themselves agree that technical alimony shall be paid, any decree incorporating that agreement is similarly modifiable at any time. *Stevens v. Stevens, supra; Foote v. Foote,* 190 Md. 171, 176-77, 57 A. 2d 804 (1948).

Although the separation agreement in this case provides the court shall decide the amount of alimony if the parties can not agree, it is distinguishable from cases where a separation agreement has provided for payment of a sum "subject to the further order of the court" or words of similar import. The language of the agreements in those cases specifically envisions an agreement continuing to operate, subject to control and revision by the court. Those cases point out that such a provision was of no force, because in fact the sum provided was not technical alimony, and the court then had no power to modify it. *Bellofatto v. Bellofatto,* 245 Md. 379, 226 A. 2d 313 (1967); *Schroeder v. Schroeder, supra; Dickey v. Dickey,* 154 Md. 675, 141 A. 387 (1928).

We have been unable to find any case where language similar to that employed here was considered, and have been referred to none. It is an obviously incongruous position that appellant must adopt in order to prevail, arguing on the one hand that the separation agreement controls in all its terms, and on the other, that a provision terminating an aspect of the agreement is of no consequence. However, our decision here does not imply that the divorce decree rendered inoperative the entire separation agreement. The life of each provision is measured by its language. Judge Menchine recognized this fact when he modified his original decree by deleting an order for counsel fees for the wife, as its inclusion was contrary to paragraph nine of the agreement. Provisions regarding care and maintenance of children, of course, may always be modified by the court, if modification is in the best interests of the child. Code (1957, 1966 Repl. Vol.)

Article 16, Section 28; *Price v. Price,* 232 Md. 379, 194 A. 2d 99 (1963).

The trial judges considered the respective assets of the parties and accordingly provided for alimony payments. Appellant does not contend that either trial judge did not follow the standards enunciated by this Court in arriving at the amount of the alimony decreed.

> *Decree of May 17, 1968 affirmed.*
> *Decree of June 18, 1969 affirmed.*
> *Costs to be divided equally between the parties.*