## CHARLES N. CRANDALL, JR. *v.* ELIZABETH DAVIS CRANDALL

[No. 409, September Term, 1971.]

*Decided February 15, 1972.*

The cause was argued before MORTON, POWERS and GILBERT, JJ.

*R. Moss Carrico, Jr.,* for appellant.

*James F. FitzGerald* for appellee.

GILBERT, J., delivered the opinion of the Court.

Charles N. Crandall, Jr., appellant, was divorced *a mensa et thoro* by a decree of the Circuit Court for Montgomery County on March 13, 1970. The decree provided that appellant pay unto Elizabeth Davis Crandall, appellee, the sum of $575.00 per month as alimony. An appeal from the decree and award of alimony was noted to this Court but was subsequently dismissed by the appellant.

Thereafter, as a result of a personnel cutback, appellant became unemployed on March 24, 1971, and promptly petitioned the Circuit Court to modify its decree by reducing the amount of alimony that appellant was required to pay unto the appellee. Following a hearing before Judge John P. Moore, the alimony was reduced to $450.00 per month, effective June 1, 1971, for a period of 26 weeks, subject to the proviso that the court would reserve "its decision as to whether the reduction in alimony payments * * * shall accrue to the benefit of the plaintiff [appellee], to be paid by the defendant [appellant] at a later date or if said reduction shall be made absolutely."

Appellant attacks the order of modification on three grounds:

1. The trial court erred in awarding the appellee $450.00 per month alimony when the appellant's net income is only $625.56 per month.

2. The trial judge erred in reducing alimony payments on a temporary basis and in not making the reduction absolute.

3. The Chancellor erred in making his order effective June 1, 1971 rather than April 1, 1971.

The testimony at the hearing for modification established that the appellant is a retired naval captain, with a gross monthly pension of $778.51.[1] Prior to March 24, 1971, he had been employed at a salary of $12,500.00 per year. Appellee is unemployed and there are no minor or dependent children. At the time the appellant's employment terminated he received severance pay of one month's salary, three weeks vacation pay, his regular weekly earnings for the last week that he worked, a refund from a Christmas Club in the amount of $160.00, plus a group insurance refund of approximately $350.00. The appellee is attending a university in the District of Columbia in order to qualify "for a teaching position." She states she had been "looking for a job." At the time of the divorce, the wife received the home in which the couple had been residing. The house is valued by the appellee at $42,500.00, and by the appellant at $55,000.00. It is encumbered by a mortgage in the amount of $28,500.00. The appellee owns a mutual fund valued at $3,000.00, and receives income of $140.00 per year. She also possesses a savings account in which there is a $500.00 balance. At the time of the divorce, the savings balance was $7,000.00. The substantial reduction in the balance was attributed by the wife to expenses incurred in acquiring her education at the university. During oral argument of this matter, we were informed that the appellant has again obtained employment as of November 1, 1971 at substantially the same salary he had previously earned.

---

1. An exhibit offered in the case titled "Retired Naval Personnel Newsletter Vol. XVII, March-April 1971 No. 2," contains a paragraph stating that "* * * retired pay will be increased effective 1 June 1971 by at least 4 per cent." At oral argument we were informed that the actual increase was 4.5 per cent.

## I

We find no merit in the appellant's argument in support of his first contention. We need look no further than to the opinion of Chief Judge Murphy in *Quinn v. Quinn,* 11 Md. App. 638, 276 A. 2d 425 (1971). At page 643, it is said:

> "It was held in *Waters v. Waters,* 191 Md. 436, that in determining an award of alimony and whether, under the statute, the wife's income 'is insufficient to care for her needs,' the court should consider the husband's wealth and earning capacity, the assets and income of the wife, the station in life of the parties, their age, physical condition, and ability to work, the length of time the parties lived together, the circumstances leading up to the divorce, and the fault which destroyed the home. To the same effect, *see Burton v. Burton,* 253 Md. 233; *Newmeyer v. Newmeyer,* 216 Md. 431. The husband's overall financial ability to support (and not merely his current income), and the wife's need for support are controlling factors. *Willoughby v. Willoughby,* 256 Md. 590; *Pet v. Pet,* 238 Md. 492; *Gosnell v. Gosnell,* 208 Md. 179; *Lopez v. Lopez,* 206 Md. 509."

See also *Verges v. Verges,* 13 Md. App. 608, 284 A. 2d 451 (1971).

This Court has the right to review the amount of alimony allowed by a trial judge, but the amount will not be disturbed on appeal unless there has been an abuse of discretion by the Chancellor, or his judgment is clearly wrong. *Willoughby, supra; Verges, supra.*

Without recounting the factual situation presented to the Chancellor, we do not find that the trial judge abused his discretion by reducing the alimony payment by the sum of $125.00 per month, nor that his judgment was clearly wrong.

## II

Appellant secondly contends that the trial judge should have made the reduction in alimony permanent, and not merely temporary. Of course, all alimony awards, as distinguished from contractual support payments, are subject to modification or revision if circumstances change and hence in actuality are not really permanent. *Heinmuller v. Heinmuller,* 257 Md. 672, 264 A. 2d 847 (1970) ; *Stewart v. Stewart,* 256 Md. 272, 260 A. 2d 71 (1969) ; *Burton v. Burton,* 253 Md. 233, 252 A. 2d 472 (1969) ; *Wolfe v. Wolfe,* 12 Md. App. 581, 280 A. 2d 1 (technical alimony) 1971; *Quinn, supra; Verges, supra.*

The Court of Appeals of Maryland has held that an award of alimony may be "from time to time changed and the allowance increased or *otherwise modified,* so as to conform to changed conditions." (Emphasis supplied). *Knabe v. Knabe,* 176 Md. 606, 6 A. 2d 366 (1939) ; *Winkel v. Winkel,* 178 Md. 489, 15 A. 2d 914 (1940).

We think the use by the Court of Appeals of the phrase "otherwise modified" is a clear indication that that Court sanctioned the authority of a Chancellor to suspend payment on a temporary basis of all or a portion of the alimony. See *Courson v. Courson,* 213 Md. 183, 129 A. 2d 917 (1957), for a case wherein alimony was suspended subject to further order of the court.

The form of relief passed by the Chancellor in the instant case reached a pragmatic, utilization result. If the appellant obtained gainful employment at any time during the 26 week period that the suspension was in effect, the trial judge could, under the authority of the order here present, prevent the appellant from having both the fruits of his employment and the reduction in alimony. It would be manifestly inequitable for the appellant to obtain early employment following the passage of the order and at the same time continue to reap the benefit of the temporary reduction in the payment of alimony. Judge Moore thoughtfully precluded that possibility from happening by reserving the right unto the

equity court to make a final determination at the expiration of the 26 weeks as to whether or not the appellant would be required to pay unto the appellee all or a portion of the amount of the alimony that was suspended by the order effective June 1, 1971. While the order appealed from does not expressly state that appellant will not be required to pay unto the appellee the suspended portion of alimony for the period of time that the appellant was actually unemployed, but actively seeking gainful employment, we think the rational inference that such is the case must properly be drawn therefrom. To hold otherwise would render the order of suspension merely illusory relief and an abuse of discretion.

Historically, alimony has been allowed in this state since the case of *Galwith v. Galwith,* 4 H. & McH. 477 (1689), and the authority to award alimony in divorce decrees was lodged in the courts of equity. *Jamison v. Jamison,* 4 Md. Ch. 289 (1847). Alimony is not punishment, but a duty of support arising from the husband's common law liability to support his wife, *Fairbank v. Fairbank,* 169 Md. 212, 217, 181 A. 233 (1935); *Willoughby, supra; Quinn, supra;* Constitution of Maryland, Art. III, § 38; Schouler, *Divorce Manual,* § 204, page 276; 2 Nelson, *Divorce and Annulment* (2d Ed.), § 14.-06, but such a duty imposed upon the husband does not confer the privilege upon the wife to live in a style greater than that of the husband at the husband's expense. *Smith v. Smith,* 50 R. I. 278, 146 A. 626 (1929); *Hoefler v. Hoefler,* 72 R. I. 54, 47 A. 2d 912 (1946); *Vastano v. Vastano,* 182 A. 2d 443 (1962); 2 A Nelson, *supra,* § 17.16.

Judge Smith, in *Schuman v. Schuman,* 252 Md. 13, 248 A. 2d 876 (1969), aptly described the perplexing problems with which Chancellors are confronted when passing alimony awards, when he said at page 15:

> "It is an unfortunate fact of life that two people cannot live apart as inexpensively as they can live together. The innocent wife is en-

titled to alimony. The husband is entitled to live also."

See also *Verges, supra; Gebhard v. Gebhard,* 253 Md. 125, 252 A. 2d 171 (1969).

Here, we perceive no abuse of discretion by the Chancellor in suspending a portion of the alimony payment on a temporary basis, subject to review at the end of a fixed terminus.

### III

We find no error in the Chancellor's mandating the effective date of the alimony reduction to be June 1, 1971, and not as requested by the appellant, April 1, 1971. The effective date was within the discretion of the trial judge. *Landers v. Landers,* 209 A. 2d 798 (1965); *Simon v. Simon,* 155 So. 2d 849 (1963). In *Winkel v. Winkel, supra,* the Court of Appeals said:

> "In its orders the chancery court selected the date of the filing of the petition of the wife for an increase in alimony, instead of the date of its decree, as the time for the reduction in the original award of alimony to begin. In this choice the court is within its authority.
>
> * * *
>
> "Moreover, the time when such modification may become effective was in the discretion of the chancellor. Commonly, the decree for alimony or maintenance is effective from the time of its passage, but the court may fix the time at which alimony is to begin at either before, with, or after the date of the decree. The adaptability, according to the circumstances, of the time when payment of the periodical amount of a continuing alimony or maintenance is to begin is a particularly serviceable procedural discretion in the event of an increase or decrease in the instalment to be paid. If the faculties of the husband are improved, the allowance to the wife

ought to be increased, and if they decline, the wife's allowance should be reduced."

We observe that appellant received severance pay and other allowances sufficient to sustain himself, aside from his pension, during the period of time ending June 1, 1971. The alimony reduction was predicated on the appellant's being unemployed from June 1, 1971 forward for 26 weeks.

We find no error or abuse of discretion by the Chancellor.

> *Order of modification affirmed.*
> *Costs to be paid by appellant.*