# DONALD WINSTON FLAGE *v.* JOYCE T. FLAGE

[No. 850, September Term, 1976.]

*Decide April 13, 1977.*

The cause was argued before MOYLAN, POWERS and LOWE JJ.

*Melvin G. Bergman* for appellant-cross-appellee.

*Steven R. Migdal,* with whom were *Noel G. Wilkinson* and *Manis, Wilkinson & Snider* on the brief, for appellee-cross-appellant.

Lowe, J., delivered the opinion of the Court.

Seeking an *a vinculo* divorce from appellant, with its customarily concomitant relief, appellee filed a bill of complaint in the Circuit Court for Anne Arundel County. Appellant filed a cross-complaint for an *a vinculo* divorce, praying a division of property and other general relief. During the course of the trial a "Property Agreement" between the parties was entered into evidence, which provided (among other things) that the parties had agreed to divide a jointly owned house and lot in Anne Arundel County.

The chancellor granted appellee an *a vinculo* divorce, dismissed appellant's cross-complaint, ordered appellant to reimburse appellee one-half the amount she had spent in mortgage payments since their separation on the house the parties owned as tenants by the entireties, and denied appellee's prayer for counsel fees. Both parties have appealed, each raising a single contention.

### Reimbursed Payments

Appellant contends that the chancellor erred in ordering him to contribute to the past mortgage payments which appellee had made on the property owned by the parties as tenants by the entireties. Although three reasons are assigned to support the argument, we need look to but one — the lack of jurisdiction.

An equity court, sitting as a divorce court, does not sit in exercise of its ordinary chancery jurisdiction, and is without power to determine the parties' ownership of property, to apportion it, or to otherwise deal with it in the absence of statutory authority. *Blumenthal v. Monumental Sec.,* 271 Md. 298, 303. The Legislature has granted divorce courts

only limited power to deal with property. Md. Code, Cts. Art., § 3-603 provides:

"(a) *In general.* — A court of equity has jurisdiction in an action for divorce, alimony, or annulment of marriage. The court shall hear and determine a case of alimony in as full and ample manner as such case could be heard and determined by the Ecclesiastical Courts of England.

(b) *Determination or division of personal property.* — A court granting a limited or absolute divorce may determine the ownership of personal property, other than chattels real, held, possessed, or claimed by a party to the divorce proceedings, and in accordance with that determination may:

(1) Make a division of personal property between the parties;

(2) Order a sale of personal property and a division of proceeds; or

(3) Make any other disposition of personal property it deems proper."

Cognizant of its jurisdictional limitations when sitting as a divorce court, the court below presumably recognized that it could not divide or sell the realty or otherwise change the parties' rights or estates in it absent express statutory authority to do so, *Dougherty v. Dougherty,* 187 Md. 21, 32, except insofar as the fact of the divorce itself operates to change the tenancy by the entireties to a tenancy in common. *McCally v. McCally,* 250 Md. 541, 542. The chancellor instead attempted to apportion a part of the previously paid mortgage debt by ordering appellant to reimburse appellee for one-half the amount she had paid since the parties' separation.

Being a chose in action, a mortgage debt is "property", and by its association with the mortgage, which is recognized to be "personal" property, *Galeano v. Galeano,* 21 Md. App. 208, 211, may in some instances be regarded as personalty. But the Court of Appeals has expressly held that orders dealing with prospective mortgage payments in domestic

relations cases are orders dealing with realty and are thus beyond the court's jurisdiction when sitting as a divorce court. *Smith v. Smith*, 227 Md. 355, 362; *cf. Bailey v. Bailey*, 218 Md. 527, 529.

Even if we assume that because the order was for reimbursement rather than prospective payments it relates to personalty, we find that it was still not authorized by § 3-603 (b). In *Brucker v. Benson*, 209 Md. 247, a wife who had been awarded a divorce petitioned the court for a monetary decree against her former husband, seeking the amount she had contributed after marriage to a fund which had been used to buy personal property for the parties' joint use. The petition was grounded upon Md. Code, Art. 16, § 38. That provision, which differed little from current § 3-603 (b), provided:

> " 'Whenever a Court shall grant a divorce a mensa et thoro or a divorce a vinculo matrimonii, it shall have the power to hear and determine all questions which may arise between the parties to such proceeding in connection with the ownership of personal property (except chattels real) held, possessed or claimed by either or both of them, and shall have the power to make a division of such property between them, or order a sale thereof and a division of the proceeds of such sale, or make such other disposition thereof as the Court may deem proper.' " 209 Md. at 251.

Noting that the wife sought money and not "tangible property", the Court of Appeals held that the claim for division of funds was not warranted by § 38. *Id.* at 252-253. The relief granted in the instant case was strikingly similar to the relief denied in *Brucker*. Upon that authority, if not upon *Smith, supra*, we hold that the court below, sitting as a divorce court, was without jurisdiction to order appellant to reimburse appellee for a portion of the sum she had expended on mortgage payments. See generally *Kapneck v. Kapneck*, 31 Md. App. 410. Appellee's claims for contribution

may be considered only in an appropriate equity proceeding,[1] not in a divorce proceeding.

## Counsel Fees

Upon cross-appeal, the wife contends that she is entitled to an award of counsel fees "as a matter of law" and that the lower court therefore erred in failing to make such an award. Characterizing the award "as a matter of law", however, is not sufficient to enable cross-appellant to escape the heavy burden she shoulders when asking us to set aside a lower court's judgment upon the evidence. Md. Rule 1086; *DWS Holdings, Inc. v. Hyde Park Assoc.*, 33 Md. App. 667, 672-673.

The obligation to pay the wife's counsel fees, like the obligation to pay alimony, arises from the marital relation, *Peterman v. Peterman*, 14 Md. App. 310, 311, and is thus imposed by law. However, the question of the spouse's sufficiency of income to meet her need to pay counsel fees is

---

1. We are impelled to note in passing that the limited extract of the testimony prepared in conjunction with the briefs seems to indicate that some, if not all of the mortgage payments had come from a joint savings account converted by Mrs. Flage to her personal use:

"Q Okay. Now, let's talk about the savings account for a moment. Which savings account are you referring to?
A There was one savings account that was in joint name at Government Services Savings and Loan. At the advice of my lawyer, I put that into my name.

MR. BOEHM: Objection.
Q And what was the balance in that account, approximately, at the time. Do you recall?
A Approximately $16,000.00.
Q $16,000.00?
A Yes.
Q Do you still have that $16,000.00?
A Much of that was spent on mortgage payments, thousands of it were spent on legal fees, and another thousand or more was spent on the lease of an apartment and various other necessary expenses."

Because we next look to the issue of counsel fees for Mrs. Flage's solicitor, the reference to "thousands" spent for "legal fees" stimulates our curiosity. We note these matters for the consideration of the chancellor who may review this record on remand or he who may participate in a partition or contribution proceeding hereafter. We do not consider them in arriving at our decision.

left to the discretion of the chancellor, who is proscribed from doing so "unless it shall appear from the evidence that the wife's income is insufficient to care for her needs." Md. Code, Art. 16, § 5 (a).[2] We cannot reverse his decision unless we find that it was clearly wrong. *Danziger v. Danziger*, 208 Md. 469, 475-476; *Foster v. Foster*, 33 Md. App. 73, 76.

Because the chancellor did not render an opinion, we have nothing to guide us in determining if he was clearly erroneous when he denied cross-appellant's prayer for counsel fees. The test he should have applied is clear and relatively simple. In *Lopez v. Lopez*, 206 Md. 509, 520-521, the Court of Appeals pointed out that in determining the amount of counsel fee to be paid by the husband to the wife's solicitor,

> " . . . the court should take into consideration the financial circumstances of the parties, and determine the amount in accordance with the wife's necessities and the husband's financial ability, and allow an amount that will afford the wife an efficient presentation of her side of the controversy."

The test is the same for alimony determination. See *Flanagan v. Flanagan*, 270 Md. 335, 339.

In addition to the absence of a court opinion, the record as submitted to us by extract is severely limited, but such as it is, it clearly indicates that cross-appellee's resources are substantially greater than cross-appellants, which consist almost entirely of his support payments to her. This factor is not wholly determinative, but it is entitled to some weight. *Stein v. Stein*, 251 Md. 300, 303. The extracts further tend to show that after the parties separated the cross-appellant's legitimate expenses resulted in weekly deficits, while cross-appellee's net worth appears to have increased. There appears but a de minimis income to the wife beyond something paid to her by the husband, and that in an

---

2. Pertinent amendments to this section, effective subsequent to the decision of the lower court in this matter, changed "wife" to "spouse" and "her needs" to "his or her needs".

amount less than that which was provided for as support in the property agreement, which was incorporated by the chancellor in the decree. Even with the support provided by her husband, her income failed to meet her expenses. There is also evidence of cross-appellant's poor physical condition and limited ability to work.

The statute (Art. 16, § 5) only proscribes alimony and counsel fees where the wife's "income" is sufficient to care for her needs. Therefore, what assets cross-appellant may have, such as stock and savings, need be considered only to the limited extent that they produce income. *Foster, supra,* 33 Md. App. at 78. The record extract clearly evidences that her independent income is insufficient to meet her needs. If there is additional income not reflected in the record extract which may tend to support the chancellor's denial of any counsel fee, it was the responsibility of cross-appellee to place it before us, either by way of inclusion in the joint record extract pursuant to Md. Rule 1028 b., or by an appendix permitted by Md. Rule 1028 e. In light of the evidence that cross-appellant's income is derived solely from cross-appellee's beneficence as subsequently compelled by the decree, it may well have been unreasonable to deny the wife *any* amount of counsel fees.

### Mandate

We will affirm the decree in so far as it granted Joyce T. Flage an *a vinculo* divorce and dismissed the cross-bill of complaint by Donald Winston Flage (paragraphs 1 and 2 of the decree). We will also affirm that portion of the decree which incorporated the "Separation Agreement" of the parties in the decree, and assessed costs of the proceeding to Mr. Flage (paragraphs 4 and 6). We will reverse so much of the decree as purported to reimburse Mrs. Flage for half of the mortgage payments made by her from the date of separation (paragraph 3); and we will reverse and remand the denial of counsel fees to Joyce T. Flage for further consideration (paragraph 5). Upon remand the chancellor will decide the issue of counsel fees for Mrs. Flage's counsel

626

from the entire record[3] if it contains evidence to his satisfaction, or he may require the parties to provide such additional evidence on the issue as he deems necessary. *Montagna v. Marston,* 24 Md. App. 354, 362; see Md. Rule 1071.

> *Judgment affirmed in part; reversed in part.*
>
> *Case remanded for consideration of the issue of counsel fees as set forth in this opinion.*
>
> *Costs to be paid by appellant — cross-appellee.*

---

3. It may be appropriate to consider the effect, if any, of the separation agreement upon this question as well.