KATHERINE H. BENNER *v.* CHARLES
BARNSHAW BENNER

[No. 1299, September Term, 1976.]

*Decided September 15, 1977.*

The cause was argued before GILBERT, C. J., and MENCHINE and MELVIN, JJ.

*Philip J. Guenzer* for appellant.

*O. Robert Lidums* for appellee.

MELVIN, J., delivered the opinion of the Court.

By decree dated November 9, 1976, Katherine H. Benner, appellant, was divorced *a vinculo matrimonii* from Charles B. Benner, appellee. The decree further ordered that appellee pay the sum of twenty-five dollars ($25.00) per week as alimony. In his oral opinion, given at the conclusion of the

hearing on the merits, the chancellor (Mackey, J.) stated his reasons for awarding alimony as follows:

"The Court will award a divorce to the wife and dismiss the Cross Bill of Complaint.

*So far as Mrs. Benner being destitute, she has, among other things, a $30,000 expectancy, by her own admission from her mother's estate. So you can't really place her in a category of being destitute over any long term. That is a substantial amount of money, more than many many people ever accumulate in a lifetime.*

Also, the marriage only lasted 3 years in which Mrs. Benner was involved from age 36 to 39, apparently. So it isn't like her whole life had been taken, not like a 25 year marriage or something of that sort, I mean.

She also predicates her $75 a week request on total inability to work, which is not borne out by the three medical reports in the case here. Each of the doctors in no sense said that she is unable to work; but that she should avoid stressful situations. And I believe there are positions that are available that would fit that requirement in which she could earn a living. *I certainly agree that she is in very unusual circumstances at the present, very touching circumstances, to say the least.* And I think for that reason there should be an award of alimony subject to a further order of the Court. But, at this time I am going to order alimony of $25 a week to be paid on a bi-weekly basis, each pay." (Emphasis added).

Appellant contends that the chancellor erred in considering the "$30,000 expectancy" in awarding alimony, and that the amount awarded was clearly wrong. We agree.

I

Although Md. Ann. Code, Art. 16, § 3 (1976 Cum. Supp.) provides that alimony may be awarded in cases where a

divorce is decreed, Article 16, § 5, directs that the court not award alimony "unless it shall appear from the evidence that the wife's income is insufficient to care for her needs". Article 16, § 5 has been interpreted by this Court in *Quinn v. Quinn*, 11 Md. App. 638, 643, 276 A. 2d 425 (1971), *cert. denied*, 262 Md. 749 (1971) as follows:

> "Maryland Code, Article 16, Section 5, directs that the court not award alimony 'unless it shall appear from the evidence that the wife's income is insufficient to care for her needs.' It is thus altogether plain that alimony is not to be awarded as a punitive measure. *Bowis v. Bowis*, 259 Md. 41. Rather, it is an allowance to the wife in recognition of the husband's common law liability to support her; it is an allowance of money payable at stated periods by the husband to the wife for her support during their joint lives so long as they live apart. *Fairbank v. Fairbank*, 169 Md. 212. In other words, the sole object of the alimony award is to provide an allowance to the wife for food, clothing, habitation, and other necessities. *Dougherty v. Dougherty, supra; Hood v. Hood*, 138 Md. 355. It was held in *Waters v. Waters*, 191 Md. 436, that in determining an award of alimony and whether, under the statute, the wife's income 'is insufficient to care for her needs,' the court should consider the husband's wealth and earning capacity, the assets and income of the wife, the station in life of the parties, their age, physical condition, and ability to work, the length of time the parties lived together, the circumstances leading up to the divorce, and the fault which destroyed the home. To the same effect, *see Burton v. Burton*, 253 Md. 233; *Newmeyer v. Newmeyer*, 216 Md. 431."

While it is clear that "the assets and income of the wife" may be considered by the chancellor in awarding alimony, *Id.*, the issue of whether the chancellor may properly

consider an expected inheritance [1] of the wife has never been decided by a Maryland appellate court.

Any inquiry into what the chancellor may properly consider in awarding alimony must necessarily begin with an examination of the purposes for such an award. As we said in *Quinn v. Quinn, supra,* alimony is not awarded as a punitive measure; rather it is an allowance to the wife based on the husband's common law duty to support her. *Id.* at 643; 2 W. Nelson, *Divorce and Annulment,* § 14.02 (2d. ed., 1961 rev.). The sole object of the award is to provide an allowance to the wife for food, clothing, habitation, and other necessities. *Quinn, supra,* at 643. It is because alimony is designed to meet the *immediate* needs of the wife that a court fixes the amount of alimony based on the circumstances of the parties existing at the time of the award. *See Gosman v. Gosman,* 19 Md. App. 66, 309 A. 2d 34 (1973), *modified on other grounds,* 271 Md. 514, 318 A. 2d 821 (1974). *See also Pet v. Pet,* 238 Md. 492, 209 A. 2d 572 (1965); *Kapneck v. Kapneck,* 235 Md. 366, 201 A. 2d 798 (1964); *Lewis v. Lewis,* 219 Md. 313, 149 A. 2d 403 (1959). If these circumstances change, the award may be modified to reflect those changes. *Willoughby v. Willoughby,* 256 Md. 590, 595, 261 A. 2d 452 (1970); *Lopez v. Lopez,* 206 Md. 509, 112 A. 2d 466 (1955); *Quinn v. Quinn, supra,* at 652.

With the purpose of alimony in mind, it seems clear to us that, under the circumstances of this case, the chancellor erred in considering the expected inheritance of the wife in awarding alimony. The only evidence in the record concerning the actual value of appellant's expected inheritance is her testimony that the $30,000 figure came from an appraisal filed in the Orphans' Court and that the figure is suspect because the estate has been unable to sell the land (36 or 38 acres) at the appraised figure. There was absolutely no evidence as to:

---

1. See Brown v. Brown, 248 Md. 139, 148, 235 A. 2d 706 (1967), where the Court of Appeals approved consideration of an actual inheritance of the wife in awarding counsel fees.

1) When the estate would be settled; [2]

2) What specie of asset appellant would receive upon settlement (i.e., land or money);

3) What the value or amount of appellant's share will be after estate taxes, administration fees, expenses, etc. are deducted; or

4) What the income potential is of any asset appellant will receive upon settlement of the estate. *Flage v. Flage,* 35 Md. App. 619, 625, 371 A. 2d 729 (1977); *Foster v. Foster,* 33 Md. App. 73, 78, 364 A. 2d 65 (1976); *See also Abrams v. Abrams,* 246 Md. 588, 595, 229 A. 2d 103 (1967).

Without evidence as to when the estate will be distributed, the chancellor had no basis upon which to gauge the effect of this expected inheritance on the *present* needs of appellant. It is clear, however, that this mere expectation of inheritance afforded appellant no financial support at the time alimony was awarded. The fact that appellant may not be destitute "over any long term" is virtually irrelevant. Alimony is to be awarded based on circumstances existing at the time of the award. If those circumstances change, the award can be modified.

Additionally, it is the *income* of the wife that is the relevant factor in determining her need for alimony and not merely the appraised value of her assets. Md. Ann. Code, Art. 16, § 5 (1976 Cum. Supp.); *Foster v. Foster, supra,* at 78. Without evidence as to the income potential of any asset(s) appellant might receive upon settlement of the estate, the chancellor again could not gauge the effect of this expected inheritance on appellant's need for alimony. *See Gosman v. Gosman, supra,* at 84.

We hold, therefore, that under the circumstances of this case, the chancellor erred in considering appellant's expected interest in her mother's estate in awarding alimony. We

---

**2.** We were informed at oral argument that the estate had not yet been settled.

specifically leave unanswered, however, the question of whether, under different circumstances, an expected inheritance might properly be considered.

## II

We also agree with appellant that under the circumstances disclosed in this record, the chancellor was "clearly wrong" in awarding only $25.00 per week alimony. Although the chancellor properly considered other factors in making the award, *Quinn v. Quinn, supra,* at 643, it is obvious from the size of the award and from his oral opinion that the chancellor placed great weight on appellant's expected inheritance in determining her need for support. We shall, therefore, remand the case for a determination of alimony consistent with this opinion.

> *Case remanded for further proceedings consistent with the views expressed in this opinion; costs to be paid by appellee, including $750.00 counsel fee to appellant for prosecuting this appeal.*